734 F.2d 794
 12 Bankr.Ct.Dec. 862, Bankr. L. Rep. P 69,906
 In re TIDEWATER GROUP, INC., Debtor.
PROVIDERS BENEFIT LIFE INSURANCE COMPANY, Plaintiff-Appellant,
v.
TIDEWATER GROUP, INC., Defendant-Appellee,
American Centennial Life Insurance Company, Third Party
Defendant-Appellee.
In re TIDEWATER GROUP, INC., Petitioner.
 Nos. 82-8553, 82-2160.
 United States Court of Appeals,
Eleventh Circuit.
 June 18, 1984.
 
 William F. Welch, Edgar A. Neely, Thomas A. Player, John T. Ruff, Atlanta, Ga., for plaintiff-appellant.
 Frank W. Scroggins, Atlanta, Ga., for Tidewater.
 John G. Grubb, Jr., Atlanta, Ga., for American Centennial Life Ins. Co.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before HENDERSON and HATCHETT, Circuit Judges, and JONES, Senior Circuit Judge.
 JONES, Senior Circuit Judge:
 
 
 1
 The appellant, Providers Benefit Life Insurance Company, challenges the validity of a bankruptcy court order, 13 B.R. 764, which denied an application for approval of a settlement agreement. The district court, 22 B.R. 500, held that the bankruptcy court's order was not final and dismissed the appeal. This Court concludes that the appeal of the bankruptcy court order is interlocutory and that this Court is without jurisdiction to hear the cause.
 
 
 2
 On October 1, 1979, the appellee, Tidewater Group, Inc., filed a petition for reorganization and protection from creditors under Chapter 11 of The Bankruptcy Reform Act of 1978, 11 U.S.C.A. Sec. 101 et seq. (1982). The appellant, Providers Benefit, made an offer to purchase one of the appellee's major assets, the capital stock of American Centennial Life Insurance Company. The offer was accepted and the acceptance confirmed by the bankruptcy court. The appellant later examined the assets and decided that the appellee had misrepresented the financial condition of American Centennial Life Insurance Company. The appellant brought an action to recover the earnest money in escrow and petitioned the bankruptcy court to set aside its order confirming the sale of the American Centennial stock. The appellee denied the allegations and counterclaimed for damages.
 
 
 3
 A tentative settlement was reached. The bankruptcy court denied a petition to approve the settlement agreement, and held that the settlement was not in the best interest of creditors.
 
 
 4
 Providers Benefit appealed the bankruptcy court's order both as an interlocutory order and as a final order by filing a notice of appeal in the bankruptcy court and a motion for leave to appeal in the district court. The district court also denied appellant's motion for leave to appeal. The appellant filed a notice of appeal, case no. 82-8553, and a petition for leave to appeal, case no. 82-2160. This Court consolidated the two cases for appeal.
 
 
 5
 In order that this Court consider a bankruptcy appeal from the district court or on direct appeal from the bankruptcy court, the appeal must be from a final order 28 U.S.C. Sec. 1293(b) (1982); The Bankruptcy Reform Act, Section 236, Pub.Law No. 95-598, 92 Stat. 2549, 2558, 2667 (1982).[1] A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.), 686 F.2d 899, 901 (11th Cir.1982). An order is not final for appellate review when it "merely disposes of an incidental procedural matter during the proceedings in bankruptcy court." Stewart v. Kutner (In re Kutner), 656 F.2d 1107, 1111 (5th Cir.1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).
 
 
 6
 The district court decided that the order denying confirmation of the settlement agreement was not a final order, citing Tonkoff v. Synoground (In re Merle's Inc.), 481 F.2d 1016 (9th Cir.1973), in which the Court reviewed a district court's dismissal of a bankruptcy court's denial of an application for approval of a settlement agreement. The Court of Appeals held that the order was not final and dismissed the appeal: "An order approving a compromise ... is final because it finally determines the rights of the parties. An order disapproving a compromise, however, is not final. It determines no rights and settles no issues. It merely leaves the question open for future adjudication." Tonkoff v. Synoground, 481 F.2d at 1018.
 
 
 7
 This Court is without jurisdiction to review an appeal of a bankruptcy court order which is not final. In International Horizons v. Committee of Unsecured Creditors (In re International Horizons, Inc.), 689 F.2d 996 (11th Cir.1982), an accounting firm appealed an order of the bankruptcy court directing it to provide creditors with access to the debtor's financial documents in its possession. The district court affirmed the order. On appeal to this Court it was held that jurisdiction is limited to appeals from final judgments, orders or decrees. "Thus, we can hear this appeal only if the bankruptcy court's order compelling production of privileged documents is deemed final and not merely interlocutory." In re International Horizons, Inc., 689 F.2d at 1000. In Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Inc.), 686 F.2d 899 (11th Cir.1982), it was decided that an appeal of an interlocutory order of a bankruptcy court is not permitted under the bankruptcy code.
 
 
 8
 Other courts have held that Courts of Appeal are without jurisdiction to consider appeals of bankruptcy courts' interlocutory orders. Maiorino v. Branford Savings Bank, 691 F.2d 89 (2d Cir.1982); Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3rd Cir.1982). Although bankruptcy appellate panels and the district courts have discretion to hear appeals from interlocutory orders of the bankruptcy court, 28 U.S.C. Sec. 1334(b), 1482(b) (1982), no such discretion is vested in the Courts of Appeals. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441 (9th Cir.1983).
 
 
 9
 The district court properly held that the bankruptcy court order denying approval of the settlement agreement was not a final order. The bankruptcy court order did not resolve the litigation, decide the merits, determine rights of the parties, settle liability, or establish damages. Callister v. Ingersoll-Rand Financial Corp., (In re Callister), 673 F.2d 305 (10th Cir.1982).
 
 
 10
 The appellant contends that the case is appropriate for review under the principles announced in Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). For an order to be reviewable under the Cohen doctrine three factors must be present, (1) the order must be independent and easily separable from the substance of other claims in the action, (2) it must present a need to secure prompt review in order to protect important interests of any party, and (3) it must be examined in the light of practical, rather than narrowly technical, consideration. In re Covington Grain Co., 638 F.2d 1357, 1360 (5th Cir.1981). The appellant has not justified an appeal under the collateral exception rule. The Cohen doctrine is inapplicable since immediate review is not necessary to protect important interests. The bankruptcy court order cannot be separated from the merits of the action for appellate review of the proposed settlement.
 
 
 11
 The appeal from the district court is not authorized by Section 1293(b) because the bankruptcy court order denying the application for approval of the proposed settlement is interlocutory. The order does not fall under the Cohen doctrine. This Court lacks jurisdiction to hear the appeal. The appellant's motion for leave to appeal is DENIED in case no. 82-2160. The appellee's motion to dismiss the appeal in case no. 82-8553 is GRANTED.
 
 
 12
 Appeal DISMISSED.
 
 
 
 [1]
 28 U.S.C. Sec. 1293(b) (1982) Bankruptcy Appeals: "[A] court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of ... a district court of the United States." Although section 1293(b) is technically not effective until April 1, 1984, section 405(c)(2), the transaction provision of The Bankruptcy Reform Act of 1978, Pub.Law No. 95-598, 92 Stat. 2558, 2685, U.S.Code Cong. & Ad.News, vests the Court of Appeals with such appellate authority. Stewart v. Kutner (In re Kutner), 656 F.2d 1107, 1111-12 (5th Cir.1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). See also, Official Unsecured Creditors' Committee v. Michaels (Matter of Marin Motor Oils, Inc.), 689 F.2d 445, 447-48 (3rd Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); Universal Minerals Inc. v. C.A. Hughes & Co., 669 F.2d 98, 100 n. 2 (3rd Cir.1982)