In re AMERICAN PLASTICS CORPO-
RATION, aka Foret Plastics
Corporation, aka Ampcoa, Debtor.

In re FORET PLASTICS CORPORA-
TION, aka American Plastics
Corporation, aka, Ampcoa, Debtor.

David P. SWEENEY, Sole Shareholder
and creditor of American Plastics Cor-
poration, aka Foret Plastics Corpora-
tion, aka Ampcoa, a Michigan corpora-
tion, Plaintiff,

v.

WALTER E. HELLER & COMPANY, a
Delaware corporation, Defendant,

United States of America, Joseph A.
Chrystler, Trustee, Intervening
Plaintiffs.

Bankruptcy Nos. NK 80–00928,
NK 80–00929.
Adv. No. 81–1496.

United States Bankruptcy Court,
W.D. Michigan.

July 18, 1989.

John A. Smietanka, U.S. Atty., Daniel M. LaVille, Asst. U.S. Atty., Grand Rapids, Mich., R. Todd Luoma, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for intervening plaintiff, U.S.

Stanley, Davidoff & Gray, P.C., Robert E.L. Wright, Kalamazoo, Mich., for intervening plaintiff, Joseph Chrystler, trustee.

OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

David P. Sweeney, sole shareholder of American Plastics Corporation and Foret Plastics Corporation (collectively "the Debtors"), filed this adversary proceeding on November 2, 1980, to determine the validity of a lien on accounts receivable held by Walter E. Heller & Company (Heller). On February 26, 1982, the United States of America (the IRS) was allowed to intervene as a party plaintiff, and on March

15, 1982, the trustee, Joseph A. Chrystler, also was allowed to intervene as a party plaintiff. On August 2, 1983, after notice and hearing, this court dismissed Sweeney's claim against Heller. However, the claims of two intervening plaintiffs remained. Subsequently, the two intervening plaintiffs reached separate settlement agreements with Heller. The trustee brings this motion seeking: (1) to set aside the settlement agreement between Heller and the IRS, and (2) the return of the $20,000.00 settlement disbursement to the trustee. The trustee seeks the return of the funds pursuant to 11 U.S.C. § 724(b).

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1334. Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## II. FACTS

The Debtors operated as Debtors in possession after filing a Chapter 11 petition on April 2, 1980. Subsequently, the case was converted to Chapter 7 on November 11, 1980, and Joseph A. Chrystler was appointed trustee.

On February 16, 1980, the IRS recorded tax liens against the Debtors' accounts receivable totalling $122,881.14. Prior to this date, Heller had been granted a consensual lien on the Debtors' accounts receivable. However, pursuant to §§ 6321 and 6323(a) of the Internal Revenue Code, the tax lien became a first lien on all accounts receivable generated *after* the recording of the tax lien,[1] so long as actual notice was given to other secured creditors.[2] Although Heller had actual knowledge of the tax lien on February 16, 1980, it still collected funds from the accounts receivable between Feb-

ruary 16, 1980, and April 2, 1980. The collection of the accounts receivable by Heller gave rise to the IRS's conversion claim against Heller. The State of Michigan and the trustee also made claims against Heller. The IRS, Heller, trustee and the State reached a settlement concerning the conversion claim and a settlement agreement was signed by representatives of Heller, the IRS, the State of Michigan and the trustee.

On February 11, 1985, the trustee filed with the Court an application for an order authorizing the settlement of this adversary proceeding setting forth the the terms of the settlement and the reasons why the trustee recommended the settlement:

1. That Joseph A. Chrystler is the duly appointed, qualified and acting Trustee herein.

2. That the Trustee has filed a Complaint and a Amended Complaint against Walter E. Heller & Company, a Delaware Corporation, as Defendant in Adversary Proceding NO. 81–1496, presently pending before this Court.

3. That said Defendant has negotiated a settlement of his claim against said Defendant for the sum of $15,000, to be paid to the Trustee by said Defendant upon the approval of the settlement by this Court.

4. That said Defendant has also agreed to waive any claim it may have pursuant to 11 U.S.C. § 507(b).

5. That due to the location of witness, complexity of issues, affirmative defenses alleged by Defendant and the uncertainty of the outcome on the merits of the claim, the Trustee believes that the settlement of the estate's claim against said Defendant for the sum of $15,000 is

---

1. Section 6321 reads:

   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

2. In 1980 section 6323(a) provided:

   (a) Purchases [sic], holders of security interests, mechanic's lienors, and judgment lien creditors.—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate (footnote omitted).

in the best interest of this estate and its creditors.

6. That in addition, the Trustee holds the sum of $16,757.52 together with interest of $3,588.11 through December 10, 1984 which is subject to the competing liens of the State of Michigan–Department of Treasury, the United States Department of Treasury–Internal Revenue Service and the Defendant, Walter E. Heller & Company which the Trustee has agreed to distribute to said lien claimants as directed by a further Order of this Court.

On July 11, 1986, a hearing was held and the settlement was put on the record. Appearing at the hearing were James B. Frakie, representing Heller, R. Todd Luoma, representing the IRS and Robert E.L. Wright, representing the trustee. The settlement stated that funds held by the trustee would be distributed as follows: $20,000.00 to the IRS, $1,525.48 to the State of Michigan and any remaining funds to Heller. The $15,000 had previously been paid by Heller to the trustee.

Subsequently, an order implementing settlement was entered on the court's docket on July 18, 1986. The order stated, "the trustee had certain funds presently being held in escrow which are subject to the claims of Heller, the IRS and the State of Michigan." The order directed the trustee to disburse escrow funds of $20,000.00 to the IRS in full and complete settlement of its claims and causes of action against Heller. Further, the order provided that $1,525.48 would be paid to the State of Michigan. Accordingly, the trustee disbursed $20,000.00 to the IRS and $1,525.48 to the State of Michigan. Thereafter, on December 1, 1986, the trustee filed his Final Report and Account and an audit of claims revealed that the estates had insufficient funds to pay the Chapter 11 administrative expenses.

While the case was in Chapter 11, the bankruptcy estate incurred administrative expenses. It was well known at the time of conversion that the Debtors had filed false reports during the Chapter 11 proceedings. These reports indicated the Debtors regularly paid their administrative expenses such as wages and taxes as required by court order. In fact, the checks were written but never tendered to the administrative creditors. Thus, the Debtors never paid the administrative expenses incurred during the Chapter 11 proceedings. Presently, administrative claims total $132,121.42. On May 25, 1988, the trustee filed his supplemental final account showing the total funds available for distribution to be $47,181.90.

## III. DISCUSSION

■ A settlement agreement is a contract. *Echols v. Nimmo,* 586 F.Supp. 467, 469 (W.D.Mich.1984), (citing *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir.1976), cert. denied 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976)). Accordingly, the rules of contract interpretation govern settlement agreements. *Hageman v. Signal L.P. Gas Inc.,* 486 F.2d 479, 487 (6th Cir.1973); *Echols,* 586 F.Supp. at 469. It is well established that settlement agreements are highly favored. *Echols,* 586 F.Supp. at 469; *Aro Corporation,* 531 F.2d at 1372. The court in *Aro Corporation* stated:

> Settlement agreements should therefore be upheld whenever equitable and policy consideration so permit. By such agreements are the burdens of trial spared to the parties, to other litigants waiting their turn before over-burdened courts, and to the citizens whose taxes support the latter. An amicable compromise provides the more speedy and reasonable remedy for the dispute.

*Id.* 531 F.2d at 1372.

■ A valid settlement agreement may be set aside only if one of the traditional grounds exist for setting aside a valid contractual agreement, i.e. mutual mistake of fact, fraud or unconscionable advantage. *Clinton Street Greater Bethlehem Church v. City of Detroit,* 484 F.2d 185, 189 (6th Cir.1973). The trustee argues that the parties made a mutual mistake in the present case. However, I disagree.

The trustee was appointed on November 19, 1980. The trustee retained the same

law firm which had previously represented the Creditors' Committee during the Chapter 11 proceedings. Thus, the trustee's attorney should have known that the Debtors incurred administrative expenses during the Chapter 11.

On March 9, 1981, the Debtors filed their list of Chapter 11 administrative creditors. The court entered an order establishing June 27, 1981, as the last day to file Chapter 11 administrative claims. Administrative claims totalling $85,673.26 were timely filed.[3] These claims were filed approximately five and one-half years before the trustee filed his Final Report and Account.

Apparently, the trustee erred in allowing the settlement to be approved before making his final accounting. Essentially, the trustee is trying to appeal the settlement agreement. However, the time for appeal expired long before the trustee's present motion was filed. As a result, the settlement agreement is a valid contract and will not be set aside. Therefore, the IRS may retain the $20,000.00 paid to it under the terms of the settlement agreement.

Because I refuse to set aside the settlement agreement, the issue of whether section 724(b) applies need not be decided.

It is not clear from the files and records before the court as to what is involved in the claim of the IRS. It's claim was against Heller, not the estate. There is some indication in the complaint of the IRS, that the claim should have been against the estate, not a prepetition tax lien subject to § 724 but rather as a post petition claim for withheld taxes qualifying as a priority claim under 11 U.S.C. § 507(a)(1) as modified by 11 U.S.C. § 726(b). It was because of the "location of witnesses, complexity of issues, affirmative defenses alleged by Heller and the uncertainty of the outcome of the claim" that the trustee recommended approval of the settlement. At this late date, to bring Heller, the State, IRS, and the trustee back before the court for a full trial of all the issues and to rereel all the various payments made by and on behalf of

Heller and the trustee would not support the principals of equity, justice, and economy. The petition of the trustee is dismissed with prejudice and without costs.

---

**3.** Subsequently, attorneys for the Debtors, the Creditors' Committee and the trustee have filed fee applications as administrative expenses. Presently, administrative expenses total $132,121.42.