WEST SUBURBAN MASS TRANSIT DISTRICT *et al.*, Plaintiffs-Appellees, v. CONSOLIDATED RAIL CORPORATION, Defendant-Appellant.

First District (4th Division)   No. 1—89—2916

Opinion filed March 7, 1991.

Lord, Bissell & Brook, of Chicago (Alvin E. Domash, Hugh C. Griffin, and Paul J. Peralta, of counsel), for appellant.

John Newell and Kenneth J. Wysoglad & Associates, both of Chicago (Michael L. Sazdanoff and Kenneth J. Wysoglad, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Burlington Northern Railroad Company (Burlington) filed suit against defendant Consolidated Rail Corporation (Consolidated) for damages that occurred when Burlington's train derailed. Burlington's complaint alleged in pertinent part that the parties had entered into an indemnity agreement that required Consolidated to assume liability for the accident. Consolidated filed an answer to the complaint in which Consolidated admitted the occurrence of the derailment as well as the existence and terms of the indemnity agreement, but denied liability for the loss pursuant to the indemnity agreement.

Burlington filed a motion for partial summary judgment, contending that the undisputed facts and the clear and unambiguous language of the indemnity agreement obligated Consolidated to indemnify Burlington for the damages arising from the accident. Consolidated responded that summary judgment was improper, because the indemnity agreement was ambiguous with respect to its coverage for the derailment. Consolidated also filed, with leave of court, an amended answer to Burlington's allegations regarding the indemnity agreement. In this amended answer, Consolidated raised the affirmative defense that Burlington's willful and wanton acts contributed to the accident. Burlington did not file a reply to the allegations made in Consolidated's affirmative defense, nor did Burlington file a motion to strike Consolidated's affirmative defense. In addition, Burlington did not amend its summary judgment motion in order to present evidentiary matter with respect to these allegations.

Following a hearing, the trial court determined that the indemnity agreement between the parties clearly and unambiguously provided for Consolidated's liability for the accident. Based upon this determination, the trial court entered summary judgment in Burlington's favor with respect to Consolidated's liability for the derailment. Consolidated appeals.

We conclude that the entry of summary judgment was error. The record shows that Burlington presented no proof in support of its summary judgment motion to contradict the allegations of Consolidated's affirmative defense that Burlington's willful and wanton con-

duct contributed to the derailment. Because Burlington presented no evidence or argument on the issue of willful and wanton conduct in its summary judgment motion, there remained disputed issues of material fact regarding Consolidated's affirmative defense. Under these circumstances, summary judgment should not have been granted in Burlington's favor with respect to Consolidated's liability for the accident pursuant to the indemnity agreement. In addition, we determine that the parties' indemnity agreement was ambiguous with respect to its coverage for the derailment that occurred in the instant cause. Accordingly, we reverse and remand.

Burlington's suit against Consolidated sought damages relating to the derailment of a Burlington commuter train that took place on April 19, 1983, while the train was running on track owned and operated by Burlington. Burlington alleged in its pleading that the derailment occurred when the commuter train struck a boxcar door that was lying on the track over which its commuter train was operating. Burlington alleged that the boxcar door fell from a Consolidated train while the Consolidated train was running on Burlington track shortly before Burlington's train accident occurred. Burlington sought damages from Consolidated based on principles of negligence (count I) and based on an indemnity agreement between Burlington and Consolidated that was executed on June 11, 1981 (count II).

In its answer to count II of Burlington's complaint, Consolidated admitted that a Burlington train had derailed following a collision with a door that had fallen from a Consolidated train. Consolidated's answer also admitted to the existence and terms of the indemnity agreement between the parties. However, Consolidated denied liability for the derailment because of the indemnity agreement.

Burlington moved for partial summary judgment with respect to Consolidated's liability on count II of the complaint, arguing that under the clear and unambiguous terms of the parties' indemnity agreement, Consolidated was liable to Burlington for the damages caused by the derailment. Consolidated filed a response to the summary judgment motion, disputing Burlington's interpretation of the indemnity agreement.

Thereafter, Consolidated was granted leave to file an amended answer to Burlington's complaint. In this amended answer, Consolidated raised an affirmative defense to count II regarding the indemnity agreement. Specifically, Consolidated alleged that Burlington engaged in certain willful and wanton acts that proximately caused the door to become disengaged from the Consolidated boxcar while it was located on Burlington's track. Burlington did not file a reply to the allega-

tions made in Consolidated's affirmative defense, nor did Burlington file a motion to strike Consolidated's affirmative defense. Burlington also did not amend its summary judgment motion to present evidence regarding these additional allegations.

Following Consolidated's amended answer, the trial court allowed Burlington's partial summary judgment motion on the ground that the indemnity agreement, by its clear and unambiguous terms, obligated Consolidated to indemnify Burlington for the losses associated with the derailment. Thereafter, the parties stipulated to the amount of damages resulting from the accident, and the trial court found no just reason to delay enforcement of or appeal from its ruling with respect to count II of the complaint. Consolidated's appeal followed.

■ Consolidated argues that the trial court's summary judgment order should be reversed, because there remain issues of fact regarding its affirmative defense against Burlington. In this affirmative defense, Consolidated alleged that Burlington's willful and wanton acts proximately caused the boxcar door to fall from Consolidated's train before the derailment occurred. These allegations, if proved, would defeat Burlington's right to indemnity under the parties' agreement. Under Illinois law, exculpatory agreements governing willful and wanton conduct are invalid. See, *e.g., Falkner v. Hinckley Parachute Center, Inc.* (1989), 178 Ill. App. 3d 597, 604, 533 N.E.2d 941; *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 164-65, 510 N.E.2d 409.

■ A party who files a summary judgment motion must show that, based on the documents of record, there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The summary judgment movant is obligated to demonstrate the absence of factual dispute with respect to all issues raised by the pleadings, including the absence of factual dispute regarding an affirmative defense raised by the party's opponent. See *Komater v. Kenton Court Associates* (1986), 151 Ill. App. 3d 632, 636, 502 N.E.2d 1295; *Falkner v. Hinckley Parachute Center, Inc.* (1989), 178 Ill. App. 3d 597, 604, 533 N.E.2d 941; *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 605, 456 N.E.2d 958.

■ In light of this precedent, once Consolidated's affirmative defense was filed, it was incumbent upon Burlington to file a pleading attacking the affirmative defense, or to file an amended summary judgment motion demonstrating that there were no genuine issues of

material fact regarding Consolidated's affirmative defense that Burlington's willful and wanton conduct contributed to the derailment. Burlington did not file a motion to dismiss the affirmative defense or any other pleading challenging the affirmative defense. Burlington's motion for summary judgment did not controvert the affirmative defense. Contrary to Burlington's argument, Consolidated had no duty to present evidence to support its affirmative defense at the time Consolidated filed its amended answer or at the hearing on the summary judgment motion. Instead, having pleaded the issue in its amended answer, Consolidated had a duty to present evidence to support its affirmative defense only if Burlington disputed the allegations made in Consolidated's affirmative defense. The trial court's allowance of Burlington's summary judgment motion deprived Consolidated of an opportunity to present evidence in support of the factual allegations made in Consolidated's affirmative defense. Consequently, we reverse the entry of summary judgment in Burlington's favor and remand the matter for further proceedings consistent herewith.

We also conclude that the parties' indemnity agreement was not clear and unambiguous with respect to its coverage for the derailment at issue in the instant cause. The indemnity agreement provided in pertinent part as follows:

"It is hereby agreed *** that if either party hereto operates its trains, engines, cars or other rolling stock over and upon the trackage of the other party hereto for interchange and/or other purposes *** then the provisions of this Agreement shall apply to said operation and use.

1. Each party hereto from time to time operating its trains, engines, cars or other rolling stock over and upon the trackage of the other party shall be responsible, without regard to negligence, for the consequences of any wreck, derailment, or other accident involving a train, engine, car or other rolling stock being moved by or involving an employee of such party which is caused by the condition of track or roadbed or by the condition of equipment appurtenant thereto, or by the condition of engines, cars or other rolling stock being moved by such party."

Paragraphs 2 through 5 of the indemnity agreement provided for the allocation of liability only under circumstances other than those governed by paragraph 1. Paragraph 2 stated that, except as provided in paragraph 1, the negligent party was liable for "the consequences of any wreck, derailment or other accident resulting solely from the negligence of one of the parties hereto, or resulting solely from the negligence of one of the parties hereto concurring with the

negligence of a person or corporation not a party to this Agreement." Paragraph 3 provided for the apportionment of liability, except as set forth in paragraph 1, for damage to persons and property when both parties were jointly and concurrently negligent for "the consequences of any wreck, derailment or other accident." Paragraphs 4 and 5 governed the parties' respective liability, except as stated in paragraph 1, when either one party's train, or both parties' trains, were "involved in any wreck, derailment or other accident" resulting from "the sole negligence of a person or corporation not a party to this Agreement" (paragraph 4), or resulting from a "cause which cannot be determined" (paragraph 5).

Burlington argues that the meaning of paragraph 1 of the indemnity agreement is clear and unambiguous. According to Burlington, this paragraph recognizes a party's liability, without regard to that party's fault, for the consequences of any accident caused by a condition on the track of either party, whenever that track condition was created by that party's use of the track. Consolidated also contends that paragraph 1 is clear and unambiguous. According to Consolidated, paragraph 1 recognizes a party's liability for the consequences of any accident causing damage to its own property, when (a) the accident occurs while on the other party's track, and (b) the accident was caused by a condition on the track. In the alternative, Consolidated maintains that the agreement is ambiguous and requires extrinsic evidence for its proper construction.

■ A contract is to be interpreted according to its plain and ordinary meaning in order to give effect to the parties' intent, and the construction of the contract is a question of law to be resolved by the court. Where the contract's meaning is clear and unambiguous on its face, resort to extrinsic evidence to interpret the contract is unnecessary. (*Lucas v. Beaton* (1990), 201 Ill. App. 3d 341, 346-48, 559 N.E.2d 20.) A contract is ambiguous when it may be reasonably construed to have more than one meaning. *Beard v. Mt. Carroll Mutual Fire Insurance Co.* (1990), 203 Ill. App. 3d 724, 729, 561 N.E.2d 116.

■ We conclude that the indemnity agreement is not clear or unambiguous with respect to its coverage of the instant cause. Paragraph 1 appears to be applicable, without regard to fault, whenever one of the parties "operate[s] its trains *** over and upon the trackage of the other party," there is an accident "involving a train *** being moved by *** such party," and the accident "is caused by the condition of the track." However, it is unclear what is intended in paragraph 1 with respect to its applicability to an accident "involving" a party's train. Paragraphs 2 through 5 apply to all accidents

that are not governed by paragraph 1. However, these paragraphs contain no language that clarifies the word "involving" in paragraph 1. Paragraphs 2 through 5 also do not contain an explicit restriction regarding the track upon which the train was passing at the time of the accident.

In view of the foregoing, paragraph 1 is susceptible of more than one interpretation in its applicability to the instant cause. Paragraph 1 governs liability when there is an accident "involving a train" and the accident "is caused by the condition of the track." In its narrowest interpretation, Consolidated's train may not have been "involved" in the derailment of Burlington's commuter train. Consolidated's train did not derail or collide with Burlington's train, nor was Consolidated's train damaged during the accident. However, in a broader interpretation, Consolidated's train may have been "involved" in the derailment of Burlington's commuter train. As alleged in Burlington's complaint, it was a door from Consolidated's boxcar that fell on the track and was struck by Burlington's train, thereby causing the derailment. Because of this ambiguity with respect to whether Consolidated's train was "involved" in the derailment under paragraph 1, we conclude that extrinsic evidence is necessary to interpret the application of the parties' indemnity agreement to the case at bar. As a result, we determine that summary judgment was improperly entered in Burlington's favor with respect to count II of its complaint, in which Burlington alleged that Consolidated was obligated to indemnify Burlington pursuant to the terms of the parties' indemnity agreement.

Burlington contends that Consolidated made arguments during the trial court's hearing on its partial summary judgment motion that amounted to judicial admissions by Consolidated that it was liable for the derailment of Burlington's commuter train. Specifically, Burlington points to statements made by counsel for Consolidated that paragraph 1 was intended to render the "visiting railroad" liable when that party "bring[s] in cars *** which are defective." Burlington submits that by these statements, Consolidated judicially admitted that it owed Burlington indemnification for damages due to derailments of Burlington's trains, where those derailments were caused by the condition of cars and trains operated by Consolidated on Burlington's tracks.

To support its position that these statements amounted to binding judicial admissions, Burlington relies on *Lowe v. Kang* (1988), 167 Ill. App. 3d 772, 521 N.E.2d 1245. *Lowe* was a personal injury case wherein the parties' comparative negligence was sharply contested at

trial. In closing argument to the jury, the defendant's attorney made statements in which he admitted his client had been partially responsible for the plaintiff's injuries. Upon review, the court found that these statements were binding judicial admissions of the defendant's partial liability for the plaintiff's injuries.

■ The decision in *Lowe* is distinguishable from the case at bar. Consolidated's attorney acknowledged to the trial court that paragraph 1 could be interpreted to render the "visiting railroad" liable when that party "bring[s] in cars *** which are defective." However, Consolidated's attorney did not admit that Consolidated had brought defective cars onto Burlington's tracks. Instead, Consolidated's attorney argued that its cars had not been defective, but had been damaged by the willful and wanton acts of Burlington. On this record, we cannot say that Consolidated's arguments to the trial court constituted binding judicial admissions that Consolidated was liable for the derailment of Burlington's commuter train.

■ Burlington also contends that Consolidated waived its argument that paragraph 1 applies only when one party is operating equipment on the tracks of the other party, because Consolidated did not present this argument to the trial court. Even assuming *arguendo* that this claim is waived on appeal, we cannot accept Burlington's position that paragraph 1 clearly and unambiguously applies to the facts as alleged by the parties in the instant cause.

In light of our disposition, we need not and do not address Consolidated's argument that because the indemnity agreement was allegedly drafted by Burlington, the agreement should be strictly construed against Burlington in the case at bar. The parties have stipulated to the amount of damages and other matters relating to damages.

For the reasons stated, the judgment of the circuit court of Cook County is reversed on the issue of liability and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.