THOMAS LAVELLE, Plaintiff, v. DOMINICK'S FINER FOODS, INC., *et al.*, Defendants (Dominick's Finer Foods, Inc., Third-Party Plaintiff-Appellant; K & S Sprinklers, Inc., Third-Party Defendant-Appellee).

First District (4th Division)   No. 1—91—0449

Opinion filed March 26, 1992.

James N. Kosmond, Michael Resis, and Ellen L. Karecki, all of Querrey & Harrow, Ltd., of Chicago, for appellant.

Frank J. Smith, of Murphy & Smith, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Dominick's Finer Foods, Inc., appeals from an order granting K & S Sprinklers, Inc.'s motion to dismiss two counts of the third-party complaint. The complaint sought contractual indemnity from

K & S and damages for K & S's failure to obtain insurance coverage.

Dominick's and K & S entered into a written contract for the installation of a fire protection sprinkler system in a Dominick's store located in Chicago. After K & S completed its work, Dominick's made final payments. The plaintiff, Thomas Lavelle, an employee of K & S, was injured when he fell while performing sprinkler installation work at the Dominick's store. Lavelle filed a complaint alleging negligence and violation of the Structural Work Act (Ill. Rev. Sat. 1989, ch. 48, par. 60 *et seq.*) to recover damages for his personal injuries and named Dominick's as one of several defendants.

Dominick's filed a third-party complaint against K & S. In count I, which is not a subject of this appeal, Dominick's sought contribution from K & S for any damages assessed against Dominick's in the event it was found liable to the plaintiff. In count II of the third-party complaint, Dominick's sought indemnity from K & S pursuant to a contractual indemnity agreement. Count III alleged that K & S breached its contractual agreement with Dominick's to obtain insurance naming Dominick's as an additional insured.

K & S filed a motion to dismiss counts II and III of the third-party complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) In its motion to dismiss, K & S argued that both counts II and III were expressly waived in a provision of the contract wherein Dominick's, upon final payment for completion of K & S's work, waived all claims against K & S. In the alternative, K & S argued, count II of the counterclaim must be dismissed, as a matter of law, because Dominick's was seeking indemnification for its own negligence, prohibited under section 1 of the Illinois indemnification contracts or agreements act.

K & S further argued that count III of Dominick's counterclaim must also be dismissed, as a matter of law, because Dominick's impliedly waived the requirement for K & S to provide it with insurance when it failed to require K & S to file certificates of insurance prior to allowing K & S to begin work on the project. The trial court granted K & S's motion and dismissed counts II and III of the complaint.

We first address the issue of the provision in the contract which K & S argues serves as an express waiver of all of Dominick's claims upon final payment. The specific provision reads as follows:

*"ARTICLE 15*
PAYMENTS AND COMPLETION
15.5 The making of final payments shall constitute a waiver of all claims by the Owner except those arising from (1) unsettled liens, (2) faulty or defective Work appearing after Substantial Completion, (3) failure of the Work to comply with the requirements of the Contract Documents, or (4) terms of any special warranties required by the Contract Documents. The acceptance of final payment shall constitute a waiver of all claims by the Contractor except those previously made in writing and identified by the Contractor as unsettled at the time of the final Application for Payment."

K & S argues that the language of this portion of the contract is clear and unambiguous and should be construed to mean that, upon final payment to K & S, Dominick's waived all of its claims, including its claim for indemnification and insurance.

Dominick's, on the other hand, urges this court to view the waiver provision in the context of the entire contract. In particular, Dominick's points out that the waiver provision is found in an article of the contract concerning the progress of the work and compliance with the project specifications and was intended to operate as a waiver of claims which arose out of the completed work.

Dominick's further argues that any other interpretation of the waiver provision would render meaningless the indemnity and insurance provisions contained in the agreement since any claims which Dominick's would have against K & S for indemnification or breach of contract for failure to provide insurance were unlikely to arise or be discovered until after completion of the installation work.

It is the duty of the court to interpret a contract in accordance with the intention of the parties. (*Continental Assurance Co. v. Commonwealth Edison Co.* (1990), 194 Ill. App. 3d 1085, 551 N.E.2d 1054; *Stamatakis Industries, Inc. v. King* (1987), 165 Ill. App. 3d 879, 520 N.E.2d 770.) The court should give effect to the parties' intentions as determined by the language of the agreement. (*West Suburban Mass Transit District v. Consolidated Rail Corp.* (1991), 210 Ill. App. 3d 484, 569 N.E.2d 187.) Further, contracts should be interpreted as a whole, giving meaning and effect to each provision. (*In re Support of Halas* (1984), 104 Ill. 2d 83, 470 N.E.2d 960; *St. John v. City of Naperville* (1987), 155 Ill. App. 3d 919, 508 N.E.2d 1128.) If the terms of a contract are ambiguous, or capable of more than one interpretation, parol evidence is admissible to ascertain the parties' intent. (*Quake Construction, Inc. v. American*

*Airlines, Inc.* (1990), 141 Ill. 2d 281, 565 N.E.2d 990.) Language in a contract is not rendered ambiguous simply because the parties do not agree upon its meaning. (*Reynolds v. Coleman* (1988), 173 Ill. App. 3d 585, 527 N.E.2d 897.) Where the contractual provisions are unambiguous, the court will enforce them according to their plain meaning. *Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 418 N.E.2d 744.

■■ Neither of the parties has argued that the language of this provision in their contract is ambiguous. Rather, they argue different interpretations of the language. In considering the contract as a whole, we note that article 15 is one of 20 articles in the contract. Article 15 is entitled "Payments and Completion," and the provisions within this section of the contract concern payment for the work performed. In the waiver provision of article 15, the owner agrees to waive "all claims" except for four itemized categories of claims. These exceptions to the claims which the owner agrees to waive are all related to the work performed by the contractor. Within the context of the entire document, we believe the waiver provision refers specifically to waiving "all claims" which are work related except for the four work-related exceptions. We do not believe that it was the parties' intent that Dominick's agree to waive any conceivable claim that it may have in the future against K & S upon final payment for the work. In particular, we do not believe that the parties intended to waive any future claims for indemnification or insurance. Accordingly, we find that Dominick's did not waive its claim for indemnification and breach of contract to procure insurance, as set forth in counts II and III of its complaint.

We next address Dominick's contention that count II of the third-party complaint stated a claim for contractual indemnity which should not have been dismissed at the pleading stage. The following provisions in the contract are at issue. The addendum to the contract states:

"Contractor shall indemnify Dominick's Finer Foods, Inc. its agents and employees from any and all loss, claims, demands caused in whole or in part by any negligent or intentional act or omission of the contractor. This indemnification shall in no way limit the indemnification of Article 10.11 of the Abbreviated Form of Agreement Between Owner and Contractor which is incorporated in its entirety by reference."

Section 10.11 of the contract provides:

"To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner and the Archi-

tect and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 10.11."

K & S argues that the indemnity provisions in the contract clearly provide that K & S is to indemnify Dominick's for its own negligence, proscribed by statute in Illinois as void as against public policy. K & S specifically refers to the language providing for indemnification " 'in whole or in part *** by anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.' " K & S contends that this language requires K & S to indemnify Dominick's for Dominick's own negligence. Dominick's, on the other hand, argues that its liability and entitlement to indemnification could result from the negligence of another party in the event it were found jointly and severally liable with other defendants who were unable to pay their share of the judgment.

■ Section 1 of "An Act in relation to indemnity in certain contracts" (Indemnity Act) (Ill. Rev. Stat. 1985, ch. 29, par. 61) provides:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure *** or other work dealing with construction, *** every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

In order for Dominick's to invoke the protection afforded by the indemnity agreement contained in its contract with K & S, it must first be found liable either in negligence or for violation of the

Structural Work Act. A contract which purports to relieve a tort-feasor of some or all of its liability, premised upon its own negligence, cannot stand in light of the Indemnity Act. (*Motor Vehicle Casualty Co. v. GSF Energy, Inc.* (1989), 193 Ill. App. 3d 1, 549 N.E.2d 884.) The indemnification contract at issue was executed after the effective date of the indemnity statute. Thus, the cases relied upon by Dominick's for the proposition that an indemnification contract should not be construed as indemnifying one against liability for one's own negligence absent clear and explicit language are not applicable. (*Cox v. Lumbermens Mutual Casualty Co.* (1982), 108 Ill. App. 3d 643, 439 N.E.2d 126.) Accordingly, since Dominick's liability can only result from its own negligent acts, count II of its complaint for indemnification was properly dismissed as it is in violation of the Indemnity Act.

■ Finally, Dominick's challenges the court's dismissal of count III of its complaint, which alleged that K & S failed to obtain insurance adding Dominick's as an additional insured pursuant to the following provision in the addendum to the contract:

> "It is extremely important and expressly understood and agreed that each Contractor shall be responsible for any and all damages to property and any and all injuries or disease or death to any one person arising directly or indirectly from, or in connection with work performed, or to be performed under this contract, including extra work. Therefore each Contractor shall purchase and maintain such insurance as will protect him from any and all claims ***.
>
> ***
>
> *** The contractor shall procure insurance naming Dominick's Finer Foods, Inc. its agents and employees as additional insured. The contractor shall submit the Certificate of Insurance to Dominick's Finer Foods, Inc. before the commencement of the work. Dominick's Finer Foods, Inc. will procure and maintain 'Builders Risk Insurance' policy."

In its complaint, Dominick's alleged that K & S failed to obtain the required "personal injury" insurance and umbrella policy to cover excess liability as provided in the contract and failed to obtain the required insurance adding Dominick's as an additional insured. Dominick's further alleged that if K & S had met its contractual obligations, Dominick's would have been protected as an additional insured and the insurer would have been required to defend and indemnify Dominick's in K & S's employee's claim.

K & S argues on appeal that Dominick's impliedly waived its claim of breach of contract to procure insurance because Dominick's received a certificate of insurance from K & S in which Dominick's was not named as an additional insured and allowed K & S to complete its work under the contract without requiring K & S to procure the insurance guaranteed under the contract. Dominick's contends that its acceptance of the certificate of insurance is not proof of its intent to waive the contractual provision to procure insurance. Dominick's claims it was unaware that the policy referenced in the certificate did not name Dominick's as an additional insured. Further, since Dominick's did not have a copy of the insurance policy issued to K & S, it was without notice as to whether it was named in the policy.

Waiver is the voluntary, intentional relinquishment of a known right. (*National Tea Co. v. Commerce & Industry Insurance Co.* (1983), 119 Ill. App. 3d 195, 456 N.E.2d 206.) Although waiver may be implied, it nonetheless requires that an intention to waive be clearly inferred from the circumstances. (*Kelly v. Economy Fire & Casualty Co.* (1990), 196 Ill. App. 3d 337, 553 N.E.2d 412.) Implied waiver has been viewed as a concept which is based on either waiver or estoppel. There must be either an intention to waive which, while unexpressed, can be clearly inferred from the circumstances, or where there is no such intention, the conduct of one party must have misled another into acting on a reasonable belief that a waiver has occurred. *Tibbs v. Great Central Insurance Co.* (1978), 57 Ill. App. 3d 866, 373 N.E.2d 492.

We believe that Dominick's intention to waive the provision in the contract requiring K & S to procure insurance naming Dominick's cannot be inferred from the facts of this case. It cannot be clearly inferred from the circumstances that when Dominick's did not take any specific action when it was not named in the certificate of insurance, it was its intent to permanently relinquish its right to be insured. Nor do we believe that an estoppel argument applies here. K & S does not suggest that it was misled into acting in any particular way based upon a reasonable belief that a waiver had occurred. We accordingly reverse the trial court's dismissal of count III of the third-party complaint.

Affirmed in part; reversed and remanded in part.

LINN and McMORROW, JJ., concur.