**In re George McCOY, Debtor.**

**No. 00–B–2630.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 9, 2001.

Whitman H. Brisky, Lindenbaum, Coffman, Kurlander & Brisky, Ltd., Chicago, IL, for Movant or Plaintiff.

Donald E. Johnson, Hollis and Johnson, Chicago, IL, for Respondent or Defendant.

## *MEMORANDUM OPINION*

JACK B. SCHMETTERER, Bankruptcy Judge.

George McCoy ("Debtor") has moved for reconsideration of the Court's Order of August 9, 2000 ("Order") which approved a settlement ("Settlement Agreement") entered into with Donald E. Johnson ("Trustee"). The Settlement Agreement concerned the exemptions claimed by Debtor in various insurance policies. Debtor now seeks to exclude from that Order, and from the scope of the Settlement Agreement, a Veteran Administration's insurance policy owned by the Debtor and originally claimed as exempt. For reasons stated below, Debtor's Motion is denied.

## UNDISPUTED BACKGROUND

No factual issues are posed by the pleadings and no party has sought to offer evidence.

Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on January 28, 2000. Along with his Petition, Debtor filed various schedules as required. On his Schedule C, Debtor listed assets that he claimed exempt from the bankruptcy estate. Among those assets he claimed as exempt was Department of Veteran Affairs Life Insurance Policy No. FV7263126, (the "VA Policy") with cash value on the Bankruptcy Petition filing date of about $13,676.14. He asserted that exemption under provisions of 735 ILCS § 5/12–1001(f) of the Illinois Revised Statutes. Debtor also claimed various other non-VA policies as exempt (the "Insurance Policies"). The Illinois provision then relied on by Debtor provides:

The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

* * *

(f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, *or to a child, parent, or other person dependent upon the insured,* whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not ...

735 ILCS § 5/12–1001(f). (Emphasis supplied)

The Trustee and Debtor disagreed with respect to applicability of the foregoing Illinois exemption either to the VA Policy or to the other Insurance Policies owned by Debtor. Debtor took the position that the exemption was applicable to all the policies because beneficiaries of those policies were Debtor's children. The Trustee took the position that the exemption was not applicable because the children were adults and not dependent upon Debtor. Both Debtor and Trustee decided to settle and compromise their dispute.

On August 9, 2000, the Court Order in issue approved their Settlement Agreement resolving the dispute. The Agreement provided for the bankruptcy estate to receive a fixed amount constituting about 90% of the cash surrender value of each affected insurance policy on the Bankruptcy Petition filing date, and Debtor was to retain a fixed amount of cash value that constituted about 10% of the cash value of those policies. The Order now in issue stated in pertinent part:

> IT IS HEREBY ORDERED that the motion is granted, and the Trustee is authorized to enter into and implement the terms of the Agreement to Settle Claims Regarding Certain Life Insurance Policies, a copy of which is attached hereto and incorporated herein as Exhibit 1.

The Settlement Agreement that was attached and incorporated in the Order as Exhibit 1 stated in part that "McCoy further agrees that the amounts to be paid to the Estate shall be free and clear of *any exemption that McCoy has or could claim therein.*" (Emphasis added.)

When the Settlement Agreement was negotiated and approved by the Court, the Debtor and his counsel were assertedly unaware of the provisions of 38 U.S.C. § 5301(a), which provides a protection for Veterans Administration life insurance policies independent of the Illinois insurance exemption. That provision provides in pertinent part:

> (a) Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, *and shall not be liable to attachment, levy or seizure, by or under any legal equitable process whatever, either before or after receipt by the beneficiary.*

*Id.* (Emphasis supplied.)

Debtor contends that but for the previously approved settlement, the VA Policy would not be part of the estate, but would be exempt under provisions of § 522(b)(2) of the Bankruptcy Code as being an asset exempt from execution under general federal law. Now aware of this provision, Debtor moves for amendment of the Order of August 9, 2000, which approved the Settlement Agreement so as to exclude from that Order and from the scope of the Settlement Agreement the VA Policy owned by the Debtor, thereby asserting the exemption of the VA Policy under 38 U.S.C. § 5301(a) and 11 U.S.C. § 522(b)(2). He does not seek to void the rest of the Agreement, and therefore the outcome sought would leave Debtor holding 10% of the cash value of the other policies.

All provisions of the Settlement Agreement have been complied with respect to the Insurance Policies except for the VA policy, through payment of $51,682.81 received by the estate from the insurance carriers by way of loans obtained by the Debtor on the non-VA Insurance Policies, plus payment of $2,156.16 from Debtor's other assets to make up for post bankruptcy decline in policy values. Debtor reports

that he has executed other documents necessary to complete the Settlement Agreement as to the VA policy, which documents are currently in possession of Debtor's counsel pending resolution of this issue.

Debtor contends that the Order allowing Settlement Agreement should be modified because that Order is not final since it did not determine any substantive rights between the parties or terminate any proceeding and because there was no proceeding pending relating to the Debtor's claim of exemption. In the alternative, Debtor contends that if the Order was final it was only final with respect to authority of the Chapter 7 Trustee to enter into the Settlement Agreement, but not as to the settlement terms. Debtor further argues that relief requested by him can be allowed because at most the Settlement Agreement settled the potential dispute regarding the Illinois exemption and not the federal law exemption for VA policies. Trustee responds that the Order in issue was final, covered all possible issues, was not appealed, and that no grounds have been asserted that could warrant amendment of that Order.

As discussed below, it is concluded that the Order entered on August 9, 2000 was a final order. Furthermore, because Debtor has conceded that there are no grounds under Federal Rules of Bankruptcy Procedure 9023 or 9024 (which incorporate Federal Rules of Civil Procedure 59 and 60, respectively) to alter or amend the Order in issue approving settlement, and no grounds are asserted to rescind or reform the Agreement, the Order will stand.

## DISCUSSION

### 1. *The Order in Dispute was Final*

■ The term "final judgment" has not been defined by statute, but its definition has been left to common law development. A court order is a "final judgment" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County,* 527 U.S. 198, 119 S.Ct. 1915, 1920, 144 L.Ed.2d 184 (1999); *In re Boomgarden,* 780 F.2d 657 (7th Cir.1985). However, the requirement of finality may apply differently in bankruptcy cases. *H & C Development Group, Inc., v. First Vermont Bank & Trust Co. (In re Miner ),* 222 B.R. 199 (2d Cir. BAP 1998). In defining finality for bankruptcy orders, "the order need not resolve all the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to proper relief." *In re Saco Local Dev. Corp.,* 711 F.2d 441, 443–46 (1st Cir.1983).

■ Precedent generally holds that an order denying or disapproving of a settlement outside of bankruptcy is not a final order. *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 734 F.2d 794 (11th Cir.1984); *In re Patel,* 43 B.R. 500 (N.D.Ill.1984). That is so because an order disapproving a non-bankruptcy settlement does not ordinarily determine any rights or settle any issues, *Tidewater,* 734 F.2d at 796, because such an order leaves the issues open for future adjudication. *Id.*

■ In contrast, an order approving a settlement is final because it determines the rights of the parties to the settlement. *Id.; In re Moorhead Corp.,* 208 B.R. 87 (1st Cir. BAP 1997); *In re Medomak Canning Co.,* 123 B.R. 671 (D.Maine 1991).

■ Debtor agrees that precedent generally finds that authorizations of settlement are final and appealable. However, he argues that in cases where the settlement was deemed final, there was actual litigation pending which the settlement terminated in whole or in part. See *In re*

*Moorhead Corp.*, 208 B.R. 87 (1st Cir. BAP 1997) (settlement of a civil action in state court); *In re Medomak Canning Co.*, 123 B.R. 671 (D.Maine 1991) (settlement of an interpleader action); *In re Patel*, 43 B.R. 500 (N.D.Ill.1984) (settlement of fraudulent conveyance claim). Since, there was no litigation pending in this case at the time of the settlement in issue, Debtor argues that the Order was not final and did not determine any substantive rights. He contends that the Order merely authorized the Trustee to enter into the Settlement Agreement.

To the contrary, in order to enter the Order, the Court evaluated and confirmed the settlement that the Trustee was entering into. The Order approved the settlement and was even labeled "Order Approving Settlement Agreement".

The disputed Order incorporated the Settlement Agreement as well as authorizing Trustee to enter into it. Contrary to Debtor's argument, the Order determined substantive rights and a discrete issue: the rights of the parties to the cash surrender value of all the VA Policy and Insurance Policies that Debtor had originally claimed as exempt. The Settlement Agreement stated precisely how the cash value of those policies was to be apportioned between the bankruptcy estate and Debtor. After entry of the Order, there was no issue left for future adjudication by the Court, and therefore the Order was indeed final. Moreover, the parties have carried forward all aspects of the settlement involving other Insurance Policies and movant has not sought to rescind these parts of the settlement which have been consummated.

## 2. *The Order resolved all possible exemption issues*

Debtor contends, in the alternative, that even if the Order was final, it did not purport to settle any matter beyond the right to claim the Illinois exemption, because there is no mention of the Federal exemption.

 A settlement agreement is interpreted as a contract. See *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 681 (7th Cir.1987); *In re American Plastics Corp.*, 102 B.R. 609, 611 (Bankr.W.D.Mich.1989). The parties have agreed that Illinois law governs the contract, and thus Illinois rules of contract interpretation govern this Settlement Agreement. A court must interpret a contract in accordance with the intention of the parties. *Lavelle v. Dominick's Finer Foods, Inc.*, 227 Ill.App.3d 764, 767, 592 N.E.2d 287, 289, 169 Ill.Dec. 800, 802 (1st Dist.1992). The primary objective is to give effect to the parties' intentions as determined by the language of the agreement. *West Suburban Mass Transit Dist. v. Consolidated Rail Corp.*, 210 Ill.App.3d 484, 155 Ill.Dec. 187, 569 N.E.2d 187 (1991).

 In construing a contract's terms, the contract should be interpreted as a whole, giving meaning and effect to each provision. *In re Support of Halas*, 104 Ill.2d 83, 83 Ill.Dec. 540, 470 N.E.2d 960 (1984). If the terms of a contract are ambiguous, parol evidence is admissible to ascertain the parties' intent. *Quake Constr., Inc. v. American Airlines, Inc.*, 141 Ill.2d 281, 152 Ill.Dec. 308, 565 N.E.2d 990 (1990). A contract's language is not rendered ambiguous simply because the parties disagree as to its meaning. *Reynolds v. Coleman*, 173 Ill.App.3d 585, 123 Ill.Dec. 259, 527 N.E.2d 897 (1st Dist. 1988). "Where the contractual provisions are unambiguous, the court will enforce them according to their plain meaning". *Lavelle*, 227 Ill.App.3d at 767, 592 N.E.2d at 289, 169 Ill.Dec. at 802. A party to a contract may waive certain rights. Waiver

is the voluntary, intentional relinquishment of a known right. *National Tea Co. v. Commerce & Industry Ins. Co.,* 119 Ill. App.3d 195, 74 Ill.Dec. 704, 456 N.E.2d 206 (1st Dist.1983).

■ Here the contractual provisions were clear. The Settlement Agreement provided that "McCoy further agrees that the amounts to be paid to the Estate shall be *free and clear of any exemption claim that McCoy has or could claim therein.*" (Emphasis supplied.) It was unambiguous and did not limit the waiver of an exemption claim on the VA Policy and Insurance Policies to 735 ILCS § 5–12/1001(f) of the Illinois Revised Statute. Indeed, on its face, the Agreement applied to any exemption claim under any statutory provision. Debtor thereby voluntarily waived his right to claim the VA Policy and Insurance Policies as exempt under any statutory provisions.

Federal Rules of Bankruptcy Procedure 9023 or 9024, which incorporate Federal Rules of Civil Procedure 59 and 60 respectively provide grounds for relief from a judgment or final order. Rule 9023 provides that a motion to alter or amend a judgment must be filed not later than ten days after entry of the judgment. Since Debtor's Motion was filed on November 20, 2000 more than ten days after the Order was entered on August 9, 2000, any basis for relief from the final judgment must be pursuant to Rule 9024. However, Debtor's counsel conceded in open court that there are no grounds under either Federal Rules of Bankruptcy Procedure 9023 or 9024 to reopen the Order.

### 3. *No grounds substantively and no procedural basis for rescission or reformation of the settlement*

■ The motion seeks essentially to rescind or reform the Settlement Agreement because of asserted misunderstandings of law by Debtor's counsel. Such relief requires an Adversary Complaint under Rule 7001 Fed.R.Bankr.P., but none has been filed. Moreover, in order to rescind or reform a contract, one must plead and establish elements not alleged here.

■ An action for reformation of contract rests upon a theory that the parties came to an understanding, but in reducing the contract to writing, through mutual mistake, or through mistake by one side and fraud by the other, a provision agreed upon was omitted. *Fisher v. State Bank of Annawan,* 163 Ill.2d 177, 182, 205 Ill.Dec. 520, 523, 643 N.E.2d 811, 814 (1994). Thus, in an action for reformation, one party seeks to change the contract as written to conform it to the contract agreed upon, by striking out the provision inserted by mutual mistake or inserting the provisions omitted. *Id.* In order to reform a contract, mutual mistake must be shown by clear and convincing evidence. *Elson v. State Farm Fire & Casualty Co.,* 295 Ill.App.3d 1, 14, 229 Ill.Dec. 334, 343, 691 N.E.2d 807, 816 (1st Dist.1998). Here, initial mistake and omission in the drafting was not alleged.

■ Rescission of a contract constitutes termination of a contract with restitution. *Lempa v. Finkel,* 278 Ill.App.3d 417, 426, 215 Ill.Dec. 408, 415, 663 N.E.2d 158, 165 (2d Dist.1996). In the event of mutual mistake of fact as to a material matter affecting the substance of the transaction an agreement may be rescinded. *Cameron v. Bogusz,* 305 Ill.App.3d 267, 272, 238 Ill.Dec. 533, 537, 711 N.E.2d 1194, 1198 (1st Dist.1999). In addition, generally a contract may be rescinded only where the court is able to place each side in the status quo ante, the status before the contract. *Id.; Lempa,* 278 Ill.App.3d at 426, 215 Ill.Dec. at 415, 663 N.E.2d at 165. Rescission requires each party to

return to the other the value of the benefits received under the rescinded contract. *Id.* Here, apart from not asserting grounds for rescission, Debtor has not offered to return the monies he kept under the Agreement pertaining to the non-VA policies.

## CONCLUSION

For each and all of the foregoing reasons, Debtor's motion for reconsideration of the Order Approving the Settlement Agreement is denied.