LESTER M. BATTERMAN et al., as Trustees, et al., Plaintiffs, v. CONSUMERS ILLINOIS WATER COMPANY et al., Defendants (Consumers Illinois Water Company, Third-Party Plaintiff-Appellant; Azzarelli Development Corporation, Third-Party Defendant-Appellee).

Third District   No. 3—93—0829

Opinion filed May 27, 1994.

Wylie, Milherin, Rehfeldt & Varchetto, P.C., of Wheaton (Stephen A. Rehfeldt, of counsel), for appellant.

Robert A. Kezelis and Mary T. Zdunek, both of French, Kezelis & Kominiarek, P.C. of Chicago (Russell P. Veldenz, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The third-party plaintiff, Consumers Illinois Water Company (Consumers), appeals from summary judgment granted in favor of the third-party defendant, Azzarelli Development Corporation (Azzarelli). The trial court held that Consumers had waived its contractual right to be insured by Azzarelli. We reverse and remand the cause for further proceedings.

Consumers acquired a utility easement over a portion of the plaintiffs' land and contracted with Azzarelli to construct water and sewer lines on the easement. The contract between Consumers and Azzarelli required that Azzarelli provide insurance to cover Consumers for any damage done to the plaintiffs' property. Azzarelli admits that it did not acquire this insurance. Nevertheless, Consumers allowed Azzarelli to begin the project and paid Azzarelli following completion of the work.

The plaintiffs sued Consumers for damage to their property, and Consumers filed a third-party complaint for contribution and a second count claiming that Azzarelli had breached the contract by failing to provide the required insurance. Azzarelli moved for summary judgment on the grounds that Consumers had waived its right to insurance by allowing Azzarelli to begin construction and by paying

Azzarelli upon completion of the project. In support of its motion, Azzarelli attached the affidavit of its secretary-treasurer, stating that a certificate of insurance had been provided to Consumers but that no insurance had been purchased. The trial court granted Azzarelli's motion for summary judgment.

The first issue on appeal is whether Consumers waived its contractual right to insurance.

Waiver is an express or implied voluntary and intentional relinquishment of a known and existing right. (*Geier v. Hamer Enterprises, Inc.* (1992), 226 Ill. App. 3d 372, 589 N.E.2d 711.) Parties to a contract may waive provisions placed in the contract for their benefit; such waiver may be established by conduct indicating that strict compliance with contractual provisions will not be required. (*Whalen v. K mart Corp.* (1988), 166 Ill. App. 3d 339, 519 N.E.2d 991.) An implied waiver may arise from either of two situations: (1) an unexpressed intention to waive can be clearly inferred from the circumstances; or (2) the conduct of one party has misled the other party into a reasonable belief that a waiver has occurred. (*Lavelle v. Dominick's Finer Foods, Inc.* (1992), 227 Ill. App. 3d 764, 592 N.E.2d 287.) Whether sufficient facts have been presented to establish a waiver is a question of law. *Whalen*, 166 Ill. App. 3d 339, 519 N.E.2d 991.

In *Whalen*, a case heavily relied upon by Azzarelli, the contract provided that work could not begin until the subcontractor had obtained the required insurance and submitted certificates of insurance to the contractor. It further provided that no payments under the contract would be made until proof of insurance had been provided to the contractor. Although the subcontractor did not obtain the required insurance, work on the project was completed and the subcontractor was paid in full. The court held that the contractor had waived its right to insurance by failing to require proof of insurance before the beginning of the work and making payments despite the lack of proof of insurance.

Likewise, in *Geier*, the contract provided that work was not to begin until certificates of insurance had been provided to the owner. The owner allowed the work to begin without receiving the certificates of insurance, and the court held that the owner had waived its right to insurance.

■ Both *Whalen* and *Geier* are distinguishable. The doctrine of implied waiver was narrowly applied in those cases and should be strictly limited to the facts presented in those cases. In the case at bar, the contract provides only that Azzarelli must obtain insurance. There is no provision requiring Azzarelli to provide proof of insur-

ance to Consumers prior to the commencement of work on the project. Nor is there a provision allowing Consumers to withhold payment if acceptable insurance is not provided. Since Consumers did not have these powers under the contract, the failure to exercise such powers cannot be viewed as indicating that strict compliance with the contract would not be required. Absent these two occurrences, there is no evidence in the record that Consumers intentionally relinquished its right to insurance under the contract.

We find that the facts of the case at bar are more like those of *Lavelle v. Dominick's Finer Foods, Inc.* (1992), 227 Ill. App. 3d 764, 592 N.E.2d 287. In *Lavelle*, the contractor argued that Dominick's had impliedly waived its contractual right of insurance because the contractor had provided a certificate of insurance on which Dominick's was not listed as an additional insured. The court held that it could not be clearly inferred from those facts that Dominick's intended to permanently relinquish its right to be insured and further held that the contractor had not been misled by the inaction of Dominick's.

■ In the case at bar, Azzarelli contends that it provided a certificate of insurance to Consumers and admits that it did not obtain the insurance required under the contract. However, we hold that from these facts alone it cannot be clearly inferred that Consumers intended to relinquish its contractual right to insurance. Nor is there any evidence in the record to show that Azzarelli was in any way misled by Consumers. Therefore, the judgment of the trial court must be reversed.

We agree with Consumers that finding a waiver in these circumstances would set a dangerous precedent. It would allow a party to a contract to succeed in shirking its contractual responsibilities unless and until the other party to the contract notices the defect in performance. Parties could no longer trust one another to carry out their obligations but instead would be forced to check on one another at each step of the project in order to avoid waiving benefits due them under the contract. Such a situation would only serve to obstruct and complicate business relationships.

Since we hold that the summary judgment granted in favor of Azzarelli must be reversed on the issue of waiver, we need not reach the alternative issue of indemnity raised by Consumers.

Accordingly, the judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BARRY and LYTTON, JJ., concur.