# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Wells Fargo Bank, N.A. v. McCluskey*, 2012 IL App (2d) 110961

---

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., Plaintiff-Appellee, v. KATIE McCLUSKEY, Defendant-Appellant (Richard J. Gettemy and Wells Fargo Bank, N.A., Defendants). |
| District & No. | Second District Docket No. 2-11-0961 |
| Filed | November 2, 2012 |
| Rehearing denied | December 6, 2012 |
| Held (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In foreclosure proceedings, the trial court did not exercise its discretion with regard to defendant's motion under section 2-1301(e) of the Code of Civil Procedure to vacate the default judgment against her when it denied the motion on the ground that her withdrawal of her earlier motion under section 2-1301(e) in exchange for plaintiff's agreement to postpone the sale of her property waived defendant's right to bring a second motion, and since a second motion was not barred, the cause was remanded to allow the trial court to exercise its discretion in ruling on the motion. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-CH-3920; the Hon. Robert G. Gibson, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on Appeal

Mark A. Laws, of Law Office of Mark A. Laws, of Chicago, for appellant.

Robert J. Emanuel and Jonathan L. Loew, both of Much Shelist, P.C., of Chicago, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices Zenoff and Hudson concurred in the judgment and opinion.

# OPINION

¶ 1   In this mortgage foreclosure action, the defendant, Katie McCluskey, appeals the trial court's denial of her petition to vacate the foreclosure judgment. We reverse and remand for additional proceedings.

¶ 2   On September 28, 2009, the defendant executed and delivered a note to the plaintiff, Wells Fargo Bank, N.A., evidencing a loan of $330,186. To secure payment, the defendant and her husband, Richard Gettemy, conveyed a mortgage on their home at 1333 Cortland Drive in Naperville to the plaintiff. The note required the defendant to pay principal and interest to the plaintiff on the first day of each month, starting November 1, 2009. The note provided that the defendant would be in default if she did not make her payments when due. The defendant failed to make her monthly payment on April 1, 2010, or any payment due thereafter.

¶ 3   On July 14, 2010, the plaintiff filed an action against the defendant to foreclose the mortgage. The defendant was personally served with summons. On October 18, 2010, the plaintiff filed a motion to default the defendant for her failure to appear and plead to the complaint. The motion was supported by the affidavit of China Brown, the plaintiff's vice president of loan documentation. Following a hearing, the trial court found the defendant in default and entered a judgment of foreclosure. The trial court ordered that the property be sold at a sheriff's sale by open verbal bid.

¶ 4   On February 24, 2011, the day the property was set for sale, the defendant, by her attorney, filed a motion for an emergency stay pursuant to section 2-1301(e) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1301(e) (West 2010)), requesting the court to permit the attorney to appear, vacate the default order, and halt the sheriff's sale. In the motion, the defendant acknowledged that (1) she had been served with process seven months earlier; (2) she was in default on the mortgage; (3) the plaintiff had denied her request for a loan modification; and (4) she had hired an attorney to "forestall the mortgage foreclosure process while continuing to attempt to obtain loan modification relief."

¶ 5    At the hearing on the defendant's motion for an emergency stay, the parties negotiated an agreed order whereby the defendant withdrew the stay motion (including the motion to vacate the default order) and the plaintiff postponed the sale date for "approximately 75 days." The plaintiff informed the trial court that it had made no guarantee to the defendant that it would accept her loan modification proposal. Counsel for the parties signed the agreed order and the trial court entered it. The judicial sale was subsequently reset to May 12, 2011.

¶ 6    On May 12, 2011, the property was sold. The plaintiff was the successful bidder and filed a motion pursuant to section 15-1508 of the Illinois Mortgage Foreclosure Law (the Foreclosure Law) (735 ILCS 5/15-1508 (West 2010)) to confirm the sale. On June 7, 2011, the defendant, through a new lawyer, filed a second section 2-1301(e) motion to vacate the default judgment. The plaintiff alleged that Brown's affidavit did not comply with Illinois Supreme Court Rule 191 (eff. July 1, 2002) because Brown (1) had not attached the note and mortgage to her affidavit and (2) did not have personal knowledge about the facts of the case. The defendant also alleged that the plaintiff did not have standing to bring the suit.

¶ 7    On August 30, 2011, following a hearing, the trial court denied the defendant's motion to vacate. The trial court found that the defendant had voluntarily withdrawn her stay motion in return for the postponement of the sheriff's sale. As the defendant had gotten the benefit of her bargain, she could not now seek to rescind it. The trial court thereafter entered an order confirming the sheriff's sale and granting the plaintiff an order of possession. The defendant appeals the order denying her motion to vacate but not the confirmation order.

¶ 8    On appeal, the defendant argues that the trial court abused its discretion in denying her second section 2-1301(e) motion to vacate the default judgment. Specifically, she argues that her motion was timely because it was filed before the trial court entered its final order. She maintains that her allegations were sufficient to compel the plaintiff to go to trial in order to ensure that substantial justice was done between the parties. She further contends that the trial court abused its discretion in concluding that she had waived her right to file a section 2-1301(e) motion when she withdrew her earlier section 2-1301(e) motion in exchange for the 75-day stay of the judicial sale.

¶ 9    Section 2-1301(e) of the Code provides: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2010). The moving party has the burden of establishing sufficient grounds to vacate a default judgment. *In re Marriage of Ward*, 282 Ill. App. 3d 423, 432 (1996).

¶ 10   In response, the plaintiff argues that the defendant's section 2-1301(e) motion was untimely because it was not brought until after the sheriff's sale had occurred. Relying on *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4-5 (2010), the plaintiff contends that a section 2-1301(e) motion after a sheriff's sale is improper because it is inconsistent with section 15-1508(b) of the Foreclosure Law, which regulates orders confirming foreclosure sales. In *Barnes*, the Illinois Appellate Court, First District, stated:

> "The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois (*Plaza Bank v. Kappel*, 334 Ill. App. 3d 847 (2002)), and 'any inconsistent

-3-

statutory provisions shall not be applicable' (735 ILCS 5/15-1107(a) (West 2008)). Section 15-1508(b) of the Foreclosure Law provides that, after the foreclosure judgment and judicial sale, the circuit court shall confirm the sale unless the court finds that (i) a required notice was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2008). Because section 15-1508(b) limits the court's discretion to refuse confirmation of the sale to those four specified grounds, it is more restrictive than and, thus, inconsistent with section 2-1301(e) of the Code. If section 15-1508(b) of the Foreclosure Law did not prevail over section 2-1301(e) of the Code, then the latter would eviscerate the former because parties could thwart section 15-1508(b) by filing petitions to vacate nonfinal judgments even after foreclosure sales have been held. Such a practice would undermine the sale process because bidders would have no confidence that sales would be confirmed. Therefore, defendant could not utilize section 2-1301(e) of the Code to circumvent section 15-1508(b) of the Foreclosure Law after [the plaintiff] filed its motion to approve the sale." *Barnes*, 406 Ill. App. 3d at 4-5.

¶ 11 The defendant acknowledges that this court may consider *Barnes* as persuasive authority, but nonetheless argues that our decision is controlled by *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925 (1997). In *Roberts*, the defendants were defaulted and their property was subsequently sold at a sheriff's sale. At the hearing to confirm the sale, the defendants sought a continuance, which was denied. The defendants then filed an emergency motion to continue and/or a motion to vacate the order confirming the sale. The trial court also denied that motion. On appeal, the defendants argued that the trial court erred in denying their emergency motion, which they styled as being brought pursuant to section 2-1301(e) of the Code. We found that the defendant had "properly brought [their motion] pursuant to section 2-1301(e)." *Id.* at 930. We further found that the trial court erred in denying the defendants' motion, because they had asserted several meritorious defenses. *Id.* at 931. We therefore vacated the trial court's decision and remanded for additional proceedings. *Id.* at 932.

¶ 12 We decline the plaintiff's invitation to adopt the First District's holding in *Barnes*. In determining that section 15-1508(b) of the Foreclosure Law and section 2-1301(e) of the Code were inconsistent, the *Barnes* court relied on section 15-1107(a) of the Foreclosure Law. That section provides:

"If a mortgage lien is being foreclosed under this Article and one or more non-mortgage liens or encumbrances is being foreclosed or enforced in the same proceedings, regardless of the respective priorities of the various liens or encumbrances, the procedures and all other provisions of this Article shall govern such proceedings, and any inconsistent statutory provisions shall not be applicable." 735 ILCS 5/15-1107(a) (West 2008).

Neither in *Barnes* nor in this case were any nonmortgage liens or encumbrances at issue. Thus, the *Barnes* court's reliance on section 15-1107(a) was misplaced.

¶ 13 Further, we disagree with the *Barnes* court's reasoning that permitting a defendant to file a section 2-1301(e) motion following a judicial sale would threaten to "eviscerate" section 15-1508 of the Foreclosure Law. This is because it is within the trial court's discretion to

-4-

grant or deny a section 2-1301(e) motion, and two of the factors for the trial court to consider are the diligence of the moving party and the existence of any meritorious defenses. Generally, a defendant who waits until after a judicial sale has occurred to move to vacate an earlier judgment of foreclosure stands little chance of preventing confirmation of the sale and "thwarting" section 15-1508. Nonetheless, in the rare case in which the defendant presents a compelling excuse for his or her lack of diligence as well as a meritorious defense after the judicial sale has occurred, we do not believe that the Foreclosure Law prohibits the trial court from granting the defendant section 2-1301(e) relief. This is especially true in light of the trial court's ultimate concern to ensure that the right decision is entered. See *McCloud v. Rodriguez*, 304 Ill. App. 3d 652, 658 (1999) (court's duty is to ensure that justice is rendered to every party).

¶ 14      As we disagree with the *Barnes* court's analysis, we continue to adhere to our decision in *Roberts* that the trial court may consider a defendant's section 2-1301(e) motion even after the judicial sale has occurred. We therefore consider whether the trial court properly denied the defendant's section 2-1301(e) motion that she filed on June 7, 2011. The trial court denied the defendant's motion on the basis that she had previously filed a section 2-1301(e) motion and then withdrew it in exchange for the plaintiff's postponing the sale date on the property for an additional 75 days and affording her the opportunity to enter into a loan modification agreement with the plaintiff. The trial court found that, since she had received the benefit of the bargain by giving up her right to file a section 2-1301(e) motion in exchange for a 75-day stay, she could not now file a second section 2-1301(e) motion.

¶ 15      An agreed order is conclusive on the parties and cannot be amended or set aside unless the order results from fraudulent misrepresentation, coercion, incompetence, gross disparity in the position or capacity of the parties, or newly discovered evidence. *Olsen v. Staniak*, 260 Ill. App. 3d 856, 861 (1994). Contract construction principles are to be applied to agreed orders. See *Exchange National Bank of Chicago v. Sampson*, 186 Ill. App. 3d 969, 972 (1989). An agreement is not enforceable unless its material terms are clear, certain, and definite. *Opper v. Brotz*, 277 Ill. App. 3d 1024, 1026 (1996).

¶ 16      Here, the agreed order that the trial court entered on February 24, 2011, did not make any reference to the defendant's forgoing any right to bring a second section 2-1301(e) motion at a later stage in the proceedings. We believe that the waiver of this right would have been a material term in the parties' agreement, if in fact the defendant were forgoing her right to bring a second section 2-1301(e) motion. The plaintiff acknowledges that, although there is no reference in the agreed order to the defendant's waiving her right to bring a second section 2-1301(e) motion, this court may nonetheless find an implied waiver based on the parties' conduct. See *Batterman v. Consumers Illinois Water Co.*, 261 Ill. App. 3d 319, 321 (1994). We do not disagree with the plaintiff's assertion of law. However, even an implied waiver must be able to be "clearly inferred from the circumstances." *Id.* As there is no clear reference in the trial court's February 24, 2011, order or in the transcript from the hearing on that date that the defendant was forgoing her right to bring a second section 2-1301(e) motion, the trial court erred in denying her second section 2-1301(e) motion on the basis that she had waived her right to bring a second motion.

¶ 17      Considering the merits of the defendant's second section 2-1301(e) motion, we will not

disturb the trial court's denial of that motion unless there has been a denial of substantial justice or the trial court abused its discretion. *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1057 (1992). As the trial court denied the defendant's motion on the basis of waiver, it did not exercise any discretion in denying her motion. *Cf. Besic v. Lattof Chevrolet, Inc.*, 2012 IL App (1st) 103185, ¶ 4 (court erred when it failed to exercise its discretion on plaintiff's motion by instead finding a jurisdictional bar to that motion). The trial court's refusal "to exercise discretion due to the incorrect belief that it has no discretion" is itself an abuse of discretion. *Moffitt v. Illinois Power Co.*, 248 Ill. App. 3d 752, 758 (1993).

¶ 18    Because we find that the trial court was not barred from considering the defendant's second section 2-1301(e) motion, we find that the trial court erred when it failed to exercise its discretion and consider the motion. Accordingly, we remand so that the trial court may exercise its discretion in ruling on the motion.

¶ 19    Reversed and remanded with directions.