# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*,
### 2013 IL App (1st) 120711

---

| | |
|---|---|
| Appellate Court Caption | BAYVIEW LOAN SERVICING, LLC, As Servicer for Citimortgage, Inc., Assignee of Mortgage Electronic Systems, Inc., as Nominee for Credit Suisse First Boston Financial Corporation, Plaintiff-Appellee, v. 2010 REAL ESTATE FORECLOSURE, LLC, Intervenor-Appellant (Mark Laskowski, The Bank of Commerce, Under Mortgage Recorded as Document Number 0703908031, Pacific Realty Group, LLC, Under Memorandum and Affidavit of Equitable Interest, Recorded as Document Number 0834555052, Nonrecord Claimants, Unknown Tenants, and Unknown Owners, Defendants). |
| District & No. | First District, Second Division<br>Docket No. 1-12-0711 |
| Filed | June 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of intervenor's motion to vacate the confirmation of a foreclosure sale following a judgment of foreclosure and an order of sale was not an abuse of discretion, notwithstanding intervenor's contentions that plaintiff failed to register as a collection agency under the Collection Agency Act, or prove it was exempt, and that plaintiff filed a defective *lis pendens*, since intervenor failed to establish that plaintiff, the loan servicer, was subject to the Act, and the *lis pendens* plaintiff filed complied with the Mortgage Foreclosure Law; therefore, intervenor failed to prove that "justice was otherwise not done" pursuant to section 15-1508(b) of the Foreclosure Law. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-25261; the Hon. Jesse G. Reyes, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Acumen Law Group, LLC, of Chicago (Bardia Fard, of counsel), for appellant. |
| | Law Offices of Ira T. Nevel, LLC (Ira T. Nevel, of counsel), and Noonan & Lieberman, Ltd. (Ruth B. Sosniak, of counsel), both of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion. |
| | Justices Connors and Simon concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff, Bayview Loan Servicing, LLC, as servicer for Citimortgage, Inc., assignee of Mortgage Electronic Registration Systems, Inc., as nominee for Credit Suisse First Boston Financial Corporation (plaintiff), brought this mortgage foreclosure action against defendants, Mark E. Laskowski, the Bank of Commerce, under mortgage recorded as document number 0703908031, Pacific Realty Group, LLC, under memorandum and affidavit of equitable interest, recorded as document number 0834555052, nonrecord claimants, unknown tenants and unknown owners (collectively defendants) on July 23, 2009. Defendants are not parties to this appeal. After a judgment of foreclosure and order of sale was entered by the circuit court, a judicial sale of the subject property occurred. Upon the motion of plaintiff, the circuit court confirmed the judicial sale. Intervenor, 2010 Real Estate Foreclosure, LLC, sought to vacate the confirmation of the sale pursuant to both section 2-1301(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2010)) and section 15-1508(b) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508(b) (West 2010)). Following a hearing, the circuit court denied intervenor's motion to vacate the confirmation of the sale. At issue here is whether the circuit court abused its discretion in denying intervenor's motion to vacate the confirmation of the sale. Initially, we note that we have only analyzed the component of intervenor's motion to vacate brought pursuant to section 15-1508(b) of the Foreclosure Law. The component of intervenor's motion to vacate brought pursuant to section 2-1301(e) of the Code is not applicable here because plaintiff invoked the mandatory obligations under section 15-1508(b) of the Foreclosure Law when it properly motioned for a confirmation of the sale. Under section 15-1508(b) of the Foreclosure Law, we hold that intervenor failed to carry its burden of proving that sufficient grounds existed to vacate the confirmation of sale in this case. Specifically, intervenor failed to show that "justice was otherwise not done" in the judicial

sale in accordance with section 15-1508(b) of the Foreclosure Law. Accordingly, the circuit court did not abuse its discretion in denying intervenor's motion to vacate the confirmation of the sale.

¶ 2                                    JURISDICTION

¶ 3        On January 17, 2012, the circuit court denied intervenor's motion to vacate the confirmation of the sale. On March 30, 2012, this court allowed intervenor leave to file a late notice of appeal. Intervenor filed its late notice of appeal on April 4, 2012. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND

¶ 5        Plaintiff brought its complaint to foreclose a mortgage against defendants on July 23, 2009.[1] On January 23, 2010, the circuit court entered a judgment of foreclosure and order of sale. The circuit court additionally entered the following orders: summary judgment was entered against Laskowski; the unknown owners, unknown tenants, and nonrecord claimants were dismissed; and an order of default was entered against the remaining defendants.

¶ 6        On May 13, 2010, intervenor filed its appearance and an emergency motion to "continue sale." At this time, attorney Stephen Richek represented intervenor. In its motion, intervenor argued that it was the successful bidder at the foreclosure sale conducted by the second mortgagee on the property. Intervenor further asserted that it had "a [m]otion pending to be heard on June 4, 2010 as to whether the sale of the second mortgage will be vacated due to bankruptcy issues" and that "if [it was] successful in vacating the sale of the second mortgage then it needs to deliver the property in the same condition as it was prior to the sale so that the second mortgage can be in a position to decide whether it will pay off the first lien or what it will do." On May 17, the circuit court entered an order allowing intervenor to intervene and stayed the sale.

¶ 7        On July 1, 2010, a similarly named entity, "2010 Real Estate Foreclosure, LLC 1106" (1106), represented by attorney Adam S. Tracey, filed a motion to set aside the sale alleging that the sale of the property violated a bankruptcy stay.

¶ 8        On July 14, 2010, plaintiff filed a "motion for order approving the report of sale and distribution and possession." Plaintiff stated that the judicial sale of the property occurred on June 25, 2010.

¶ 9        On November 23, 2010, 1106 filed a motion to set aside the sale of the property, again alleging the sale violated a bankruptcy stay.

¶ 10       On January 5, 2011, plaintiff filed another motion for an order approving the report of

_____

[1]The common address for the subject property is 1106 E. Oakton Street, in Arlington Heights, Illinois, 60004.

sale and for distribution and possession for the judicial sale that occurred on June 25, 2010.[2] The report of sale indicated a deficiency on the amount owed under the mortgage of $78,789.23. Also on January 5, 2011, the circuit court entered an order on "defendant's motion to set aside sale." In the caption, defendant was listed as "2010 Real Estate, et al." The order denied defendant's motion without prejudice and stated "the movant not appearing and plaintiff tendering to the court an order annulling the stay entered by the bankruptcy court." The record is not clear whether the defendant on this particular motion was intervenor or the similarly named party, 1106.

¶ 11        Intervenor, now represented by the Acumen Law Group, LLC,[3] filed a response in opposition to plaintiff's motion for an order approving the report of sale and for distribution and possession. In its response, intervenor alleged that there was a second mortgage on the property, also subject to a foreclosure proceeding under case number "09-CH-04354." Intervenor was the successful bidder at the February 2, 2010, judicial sale brought by the second mortgagee on the subject property. Intervenor argued that the circuit court should not confirm the sale of the property in the present action because it would "severely prejudice, and potentially moot, [intervenor's] *** pending motion to vacate confirmation of sale in the [second] mortgage action." Intervenor asked the court to deny plaintiff's motion to confirm the sale "pending a full adjudication" of its motion to vacate the sale in the second mortgage foreclosure action. Intervenor alleged that after it was the successful bidder at the judicial sale of the property for the second mortgage, it learned that "a fraudulent release of the [first] mortgage had been recorded with the Cook County Recorder of Deeds." Intervenor further alleged that plaintiff filed a defective *lis pendens*. According to intervenor, had it known of the alleged fraudulent release and defective *lis pendens*, it would not have bid on the property at the judicial sale of the property brought by the second mortgagee.

¶ 12        On September 26, 2011, plaintiff refiled its report of sale and distribution. On that same day, the circuit court entered an order confirming the judicial sale of the property.

¶ 13        On October 24, 2011, intervenor filed a motion, pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2010)), to vacate the confirmation of the foreclosure sale and to intervene. Intervenor argued that it acted diligently, had meritorious claims, would be severely penalized if the confirmation of the sale is not vacated, and that plaintiff would not be prejudiced by a vacation of the confirmation of the sale. Intervenor stated it had unsuccessfully attempted to vacate the confirmation of the judicial sale brought by the second mortgagee. In support of its allegation that it had meritorious claims, intervenor relied on section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2010)), claiming that justice would not otherwise be done if confirmation of the sale was not vacated.

_____

[2]Plaintiff had already filed the motion on July 14, 2010, and refiled it on December 15, 2010.

[3]Acumen Law Group, LLC, later filed an appearance on behalf of intervenor on July 8, 2011. The appearance was not a substitute appearance and states Acumen Law Group, LLC, was the "Initial Counsel of Record," even though attorney Stephen Richek, on May 13, 2010, had previously filed an appearance and an emergency motion to continue the sale of the property due to a bankruptcy issue.

To show that justice would not otherwise be done, intervenor realleged that plaintiff filed a defective *lis pendens* and that a fraudulent release of a mortgage occurred. Accordingly, intervenor claimed that "[a]s a consequence of the fraudulent release of the first mortgage and the defective *lis pendens*, [it] actually and reasonably believed that it was purchasing the [p]roperty without the first mortgage encumbrance." Intervenor alleged that had it known of the first mortgage, it would not have bid at the foreclosure sale brought by the second mortgagee. Additionally, intervenor alleged that plaintiff was not licensed as a collection agency under the Illinois Collection Agency Act (Collection Act) (225 ILCS 425/1 *et seq.* (West 2010)). According to intervenor, plaintiff was required under the Collection Act to be licensed. Therefore, intervenor argued that plaintiff's foreclosure action was void.

¶ 14    As exhibit "A" to its motion, intervenor attached a print out from the Cook County recorder of deeds website. Intervenor highlighted the section of the printout where the *lis pendens* was listed on the website. Under the heading "Grantor/Trust No." plaintiff's name appears, and under the heading "Grantee/Trust No." the name of codefendant Mark Laskowski appears. The following disclaimer appears at the bottom of the print out:

"While the Cook County Recorder of Deeds (CCRD) attempts to keep this website up to date with existing law and policies, the CCRD does not guarantee the accuracy of any of the information contained herein, including, but not limited to, database information and document images. CCRD also does not guarantee the legality of the documents and database information contained herein and accepts no liability for any damages incurred, whether directly, indirectly, incidental, punitive or consequential as a result of any errors, omissions, or discrepancies in any information published on this website or any use of this website, including, but not limited to use of on-line forms or affidavits."

¶ 15    As exhibit "B," intervenor attached a copy of the *lis pendens* filed by plaintiff. The *lis pendens* contains a legal description of the property with the common address of 1106 East Oakton Street, Arlington Heights, Illinois 60004, and states that a mortgage foreclosure action was filed on July 23, 2009. The *lis pendens* lists the circuit court case number and identifies the parties to the case. It lists Mark Laskowski as the titleholder of record and as the mortgagor. The mortgagee is identified as plaintiff. The date of the mortgage is listed as November 14, 2005. The Cook County recorder of deeds document number is listed as 0531847023. Under the heading "Other Parties in Interest," the *lis pendens* lists the defendants in the foreclosure action, *i.e.*: "Mark E. Laskowski, The Bank of Commerce, under mortgage recorded as document number 0703908031, Pacific Realty Group, LLC, under memorandum and affidavit of equitable interest, recorded as document number 0834555052, nonrecord claimants, unknown tenants and unknown owners."

¶ 16    As exhibit "C," intervenor attached a copy of its motion to vacate the confirmation of the judicial sale entered in case number "09 CH 04354," *i.e.* the foreclosure action brought by the second mortgagee on the subject property. As exhibit "D," intervenor attached a copy of its earlier filed response in opposition to plaintiff's motion for an order approving the report of sale and distribution and possession.

¶ 17    On November 22, 2011, the circuit court allowed intervenor to intervene in the matter

and allowed plaintiff to file responsive pleadings.[4]

¶ 18    In response, plaintiff argued that intervenor did not act diligently in this matter and that since intervenor already filed an objection to the confirmation of the judicial sale, intervenor's motion should be considered a motion to reconsider. Furthermore, plaintiff asserted that it was exempt under section 2.03 of the Collection Act because it is a fiduciary of a financing and lending institution. 225 ILCS 425/2.03 (West 2010).

¶ 19    In reply, intervenor argued that the circuit court cannot determine as a matter of law that plaintiff is a fiduciary of a finance and lending institution.

¶ 20    At oral argument before the circuit court, the following exchange occurred between the circuit court and counsel for intervenor:

"THE COURT: All right. *** With regard to *lis pendens*, what is the purpose of *lis pendens*?

MR. FARD [attorney for intervenor]: Your Honor, to provide notice to third part[ies].

THE COURT: So someone is checking the *lis pendens*, and there is indication that there are some other entities or parties or individuals listed. What does that do? Does that not provide notice?

MR. FARD: Arguably, yes, your Honor. There would be constructive notice.

THE COURT: So the fact that when you checked the *lis pendens*, if you see [plaintiff] listed on there, wouldn't that put your client on notice?

MR. FARD: Had my clients actually, I guess, downloaded the document and looked at the *lis pendens*, yes, they would have actual notice at that time. But I believe we had previously submitted affidavits attesting to the fact that that didn't occur here."

¶ 21    In response plaintiffs orally argued that the *lis pendens* was correct and that intervenor should have actually checked the *lis pendens*, not relied on the Cook County recorder of deed's website.

¶ 22    The circuit court denied intervenor's motion to vacate the order confirming the sale of the property. The circuit court made the following findings:

"[N]umber one, there was a *lis pendens*. The *lis pendens* did indicate that there was an entity here when the search was done.

The cases are clear that what a *lis pendens* is supposed to do is put the parties on notice, put the parties on notice that there may or may not possibly be a cloud on the title.

Therefore, at that point in time, once the parties are placed on notice that there may or may not be a cloud on the title, its incumbent upon the party conducting the search to make any inquiries in determining whether or not there is a cloud on the title.

---

[4]It is unclear from the record why intervenor again sought an order allowing it to intervene when the circuit court had already allowed it to intervene on May 13, 2010. In its response, plaintiff questioned whether intervenor should be allowed to intervene under section 15-1501 of the Foreclosure Law. 735 ILCS 5/15-1501 (West 2010). Intervenor, for its part, argued that it had already been allowed to intervene in the matter.

Here the parties were placed on notice, given the fact that there was indication that something had transpired prior to the search."

Regarding whether intervenor had established that plaintiff was a collection agency subject to the Collection Act, the circuit court made the following finding:

"Here it hasn't been established whether or not [plaintiff] really is a collection agency or not. There's no indication that it's registered as a collection agency with the Secretary of State or with any other entity in the state with regard to how [plaintiff] conducts itself.

What has been presented in the pleadings is that [plaintiff] is a servicer. It's a servicer of the loan.

Now, no evidence has been established to indicate that the servicing of the loan is related to a collection agency or defined as a collection agency. It's merely servicing the loan. And that's the entity that's in front of this Court with regard to this matter."

¶ 23    On March 30, 2012, this court allowed intervenor to file a late notice of appeal. On April 4, 2012, intervenor filed its notice of appeal.

¶ 24                                                          ANALYSIS

¶ 25    Before this court, intervenor argues that the circuit court erred when it denied its motion to vacate the confirmation of sale. As support, intervenor argues that plaintiff failed to register as a collection agency under the Collection Act, and that plaintiff filed a defective *lis pendens*. In response, plaintiff argues that it is exempt from the requirements of the Collection Act and that it filed a proper *lis pendens* in this matter. We allowed plaintiff to supplement its brief and to include additional authority.[5] Intervenor did not file a reply brief before this court.

¶ 26    Initially, we must make note of the state of the record in this case. There appear to be many inconsistencies in the record, many of the pleadings appear to be out of order, and pleadings or orders may be missing from the record. For example, intervenor opposed the motion to confirm the sale and filed responsive pleadings. Absent from the record is any transcript of what occurred at the hearing, if there even was a hearing, or whether the circuit court ruled on the issues brought up in intervenor's response. The record only shows that on September 26, 2011, the circuit court entered the order confirming the judicial sale. It is also unclear why intervenor repeatedly motioned to be allowed to intervene even though the circuit court had allowed it to do so as early as May 13, 2010, albeit under a different attorney. We remind intervenor that it is the burden of the appellant to present a complete record of proceedings. *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009). Furthermore, "[a]ny doubts which may arise from the completeness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 27    Additionally, we must address the procedural posture of this case, an issue neither party addressed in its briefs before this court. We do so now because it has direct bearing on our

_____

[5]We note that plaintiff's initial brief was filed by the law office of Ira T. Nevel, LLC. The supplemental brief, however, was filed by the law firm of Noonan and Lieberman.

analysis of the issue at hand. Intervenor brought its motion to vacate pursuant to section 2-1301(e) of the Code, which provides "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2010). To prove it had a meritorious claim, intervenor additionally argued "justice was not otherwise done" according to section 15-1508(b) of the Foreclosure Law. Section 15-1508(b) of the Foreclosure Law provides, in relevant part:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2010).

¶ 28    A panel of this court held that relief according to section 2-1301(e) of the Code was not available to a defendant seeking to vacate a confirmation of a sale. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4-5 (2010). The *Barnes* court held, rather, that the defendant could only proceed under section 15-1508(b) of the Foreclosure Law, and reasoned:

"The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois [citation], and 'any inconsistent statutory provisions shall not be applicable' (735 ILCS 5/15-1107(a) (West 2008)). Section 15-1508(b) of the Foreclosure Law provides that, after the foreclosure judgment and judicial sale, the circuit court shall confirm the sale unless the court finds that (i) a required notice was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) that justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2008). Because section 15-1508(b) limits the court's discretion to refuse confirmation of the sale to those four specified grounds, it is more restrictive than and, thus, inconsistent with section 2-1301(e) of the Code. If section 15-1508(b) of the Foreclosure Law did not prevail over section 2-1301(e) of the Code, then the latter would eviscerate the former because parties could thwart section 15-1508(b) by filing petitions to vacate nonfinal judgments even after foreclosure sales have been held. Such a practice would undermine the sale process because bidders would have no confidence that sales would be confirmed. Therefore, defendant could not utilize section 2-1301(e) of the Code to circumvent section 15-1508(b) of the Foreclosure Law after [plaintiff] filed its motion to approve the sale." *Id.* at 4-5.

¶ 29    Recently, the Second District of this court disagreed with this district's holding in *Barnes. Wells Fargo Bank, N.A. v. McCluskey*, 2012 IL App (2d) 110961, *appeal allowed*, No. 115469 (Ill. Mar. 27, 2013). The Second District, in *McCluskey*, held that a section 2-1301(e) motion may be entertained by the circuit court even after the judicial sale of a property has occurred. *Id.* ¶ 14. In ruling as it did, the Second District relied upon its own decision in *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925 (1997), and on the language of section 15-1107(a) of the Foreclosure Law. *McCluskey*, 2012 IL App (2d) 110961, ¶¶ 11-13. After reviewing the above authorities, we find no reason to depart with our own district's

decision in *Barnes* that the proper avenue to challenge the conformation of sale is under section 15-1508(b) of the Foreclosure Law. Unlike the Second District in *McCluskey*, we do not believe *Roberts* directly addressed whether section 2-1301(e) of the Code could be utilized to circumvent section 15-1508(b) of the Foreclosure Law. Rather, the *Roberts* court analyzed the issue as a section 2-1301(e) motion, but then remanded the matter "for a hearing in accordance with the provisions of section 15-1508" of the Foreclosure Law. *Roberts*, 292 Ill. App. 3d at 932. The *Roberts* court, therefore, did not answer whether there was a conflict between section 2-1301(e) of the Code and section 15-1508(b) of the Foreclosure Law. *Id.* The *McCluskey* court also held that the *Barnes* court improperly relied upon the following language in section 15-1107(a) of the Foreclosure Law:

> " 'If a mortgage lien is being foreclosed under this Article and one or more non-mortgage liens or encumbrances is being foreclosed or enforced in the same proceedings, regardless of the respective priorities of the various liens or encumbrances, the procedures and all other provisions of this Article shall govern such proceedings, and any inconsistent statutory provisions shall not be applicable.' " *McCluskey*, 2012 IL App (2d) 110961, ¶ 12 (quoting 735 ILCS 5/15-1107(a) (West 2008)).

The *McCluskey* court reasoned that "[n]either in *Barnes* nor in this case were any nonmortgage liens or encumbrances at issue. Thus, the *Barnes* court's reliance on section 15-1107(a) was misplaced." *Id.* Although it appears that the *Barnes* court did quote from the above cited language in section 15-1107(a) of the Foreclosure Law, the *McCluskey* court failed to cite the final sentence of section 15-1107(a), which provides:

> "Without limiting the foregoing, any provision of Article XII or any other Article of the Code of Civil Procedure shall apply unless inconsistent with this Article and, in case of such inconsistency, shall not be applicable to actions under this Article." 735 ILCS 5/15-1107(a) (West 2008).

Based on the final sentence of section 15-1107(a) of the Foreclosure Law, we believe section 15-1107(a) does provide the necessary language for the holding in *Barnes.*

¶ 30    We further find support for the rationale contained in the *Barnes* decision in our supreme court's opinion in *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178-79 (2008). Although the issue decided in *Lewis* is different from the issue presently before us, our supreme court did hold that the word "shall" in section 15-1508(b) of the Foreclosure Law mandated obligations on the circuit court upon motion of confirmation of a judicial sale. *Id.* at 178. Our supreme court reasoned, "a court *** has mandatory obligations to (a) conduct a hearing on confirmation of a judicial sale where a motion to confirm has been made and notice has been given, and, (b) following the hearing, to confirm the sale unless it finds that any of the four specified exceptions are present." *Id.* Furthermore, our supreme court held that a motion requesting confirmation of a judicial sale invokes the mandatory requirements of section 15-1508(b) of the Foreclosure Law. *Id.* In this case, as plaintiff already invoked the mandatory requirements of section 15-1508(b), it follows that the circuit court must look to the requirements of section 15-1508(b) of the Foreclosure Law to vacate a confirmation of a judicial sale.

¶ 31    Accordingly, we agree with the *Barnes* decision that section 15-1508(b) of the

Foreclosure Law is the proper avenue for a party, such as intervenor in this case, to utilize after section 15-1508(b) has been invoked. To the extent that *McCluskey* conflicts with our holding in this case, we respectfully decline to follow it. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (under the doctrine of *stare decisis,* "the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels"). Therefore, in this matter we will only address intervenor's arguments concerning section 15-1508(b) of the Foreclosure Law. We note that intervenor has only argued that justice was not done under section 15-1508(b)(iv) (735 ILCS 5/15-1508(b)(iv) (West 2010)) because of an alleged defective *lis pendens* and because plaintiff allegedly failed to register under the Collection Act. Intervenor did not allege that notice of the sale was improper, that "the terms of the sale were unconscionable" or that "the sale was conducted fraudulently" under section 15-1508(b)(i) through (iii) of the Foreclosure Law. 735 ILCS 5/15-1508(b)(i)-(iii) (West 2010).

¶ 32    Circuit courts are given broad discretion in confirming or rejecting judicial sales. *Lewis*, 229 Ill. 2d at 178. Absent an abuse of that discretion, we will not disturb the circuit court's decision whether to confirm a judicial sale. *Id.* A motion requesting confirmation of a judicial sale invokes the mandatory requirements of section 15-1508(b) of the Foreclosure Law. *Lewis*, 229 Ill. 2d at 179. An interested party seeking to oppose the judicial sale bears the burden of proving that sufficient grounds exist to disapprove of a judicial sale. *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 35. An abuse of discretion occurs when the circuit court's ruling is unreasonable, fanciful or arbitrary, or where no reasonable person would agree with the view of the circuit court. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009). With these principles in mind, we will now address whether justice was done in accordance with section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2010)) based on the following reasons, as presented by intervenor in its motion to vacate: whether plaintiff failed to obtain a license under the Collection Act and whether plaintiff filed a defective *lis pendens*.

¶ 33                                                    Collection Act

¶ 34    Intervenor first argues that the confirmation of the judicial sale must be vacated because plaintiff failed to register as a collection agency under the Collection Act and failed to prove it was exempt from doing so. 225 ILCS 425/1 *et seq.* (West 2010). Plaintiff responds that intervenor cannot avail itself of any relief under the Collection Act due to a lack of a "debtor/creditor nexus" between it and plaintiff. Specifically, intervenor is a third party bidder at a junior mortgagee's judicial foreclosure sale and was not a customer of plaintiff's. Furthermore, plaintiff argues that it is exempt, under section 2.03, from the Collection Act. 225 ILCS 425/2.03 (West 2010). In its supplemental brief, plaintiff asserts that it is licensed under the Residential Mortgage License Act of 1987, specifically as a servicer under section 1-4(q). 205 ILCS 635/1-1 *et seq.* (West 2010).

¶ 35    Section 2.03 of the Collection Act provides, in relevant part:

"This Act does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency, and

specifically does not include the following:

1. Banks, including trust departments, affiliates, and subsidiaries thereof, fiduciaries, and financing and lending institutions (except those who own or operate collection agencies);

＊ ＊ ＊

8. Loan and finance companies[.]" 225 ILCS 425/2.03 (West 2010).

Intervenor, both in its briefs before this court and before the circuit court, appears to argue that plaintiff bears the burden of proving that the Collection Act does not apply to it.[6] Before this court, intervenor argues that "assuming loan servicing is equivalent to debt collection, [p]laintiff is required to register under the Collection Agency Act." We reiterate that an interested party seeking to oppose a judicial sale, such as intervenor in this case, bears the burden of proving that sufficient grounds exist to disapprove of a judicial sale. *Sewickley, LLC*, 2012 IL App (1st) 112977, ¶ 35. We hold that intervenor has failed to meet its burden here. Intervenor presented no evidence that plaintiff, as the servicer of the loan, is not exempt from the Collection Act under section 2.03. 225 ILCS 425/2.03 (West 2010). Similarly, intervenor presented no evidence that plaintiff is even subject to the Collection Act. We agree with the circuit court's findings that intervenor failed to establish that plaintiff is really a collection agency and failed to present any evidence that indicated that loan servicing is related to the actions of a collection agency. Based on this lack of evidence, we cannot say the circuit court abused its discretion when it discounted intervenor's assertion that plaintiff failed to register as a collection agency under the Collection Act.

¶ 36                                                  *Lis Pendens*

¶ 37        Intervenor argues that plaintiff filed a defective *lis pendens*, which in turn led the Cook County recorder of deeds to incorrectly list the *lis pendens* on its website. According to intervenor, the *lis pendens* is defective because it listed, albeit under the heading "[o]ther parties of interest," the second mortgage on the property, which it characterizes as "unrequired [*sic*]." After searching the Cook County recorder of deeds website, intervenor successfully bid at a judicial foreclosure sale conducted by the second mortgagee, which it inadvertently believed to hold the first mortgage on the property.

¶ 38        In response, plaintiff argues that a review of the *lis pendens* it filed in this case meets the requirements of section 15-1503 of the Foreclosure Law (735 ILCS 5/15-1503 (West 2010)), and that it was intervenor's duty in this case to actually examine the *lis pendens*, not to rely solely on the Cook County recorder of deeds' website.

¶ 39        Section 15-1503 of the Foreclosure Law governs the filing of *lis pendens* in mortgage foreclosure actions, and it provides in relevant part:

---

[6]At oral argument before this court, counsel for intervenor admitted that it had the burden of showing that grounds existed to vacate the confirmation of the sale. Counsel, however, was discussing its burden in context of proceeding under section 2-1301(e) of the Code. 735 ILCS 5/2-1301(e) (West 2010).

"(a) A notice of foreclosure, whether the foreclosure is initiated by complaint or counterclaim, made in accordance with this Section and recorded in the county in which the mortgaged real estate is located shall be constructive notice of the pendency of the foreclosure to every person claiming an interest in or lien on the mortgaged real estate, whose interest or lien has not been recorded prior to the recording of such notice of foreclosure. Such notice of foreclosure must be executed by any party or any party's attorney and shall include (i) the names of all plaintiffs and the case number, (ii) the court in which the action was brought, (iii) the names and title holders of record, (iv) a legal description of the real estate sufficient to identify it with reasonable certainty, (v) a common address or description of the location of the real estate and (vi) identification of the mortgage sought to be foreclosed. An incorrect common address or description of the location, or an immaterial error in the identification of a plaintiff or title holder of record, shall not invalidate the lis pendens effect of the notice under this Section. A notice with this section shall be deemed to comply with section 2-1901 of the Code of Civil Procedure and shall have the same effect as a notice filed pursuant to that Section; however, a notice which complies with Section 2-1901 shall not be constructive notice unless it also complies with the requirements of this Section." 735 ILCS 5/15-1503 (West 2010).

¶ 40    Our review of the *lis pendens* filed in this case, as attached to intervenor's motion to vacate the confirmation of the sale, shows that plaintiff complied with all aspects of section 15-1503 of the Foreclosure Law. 735 ILCS 5/15-1503 (West 2010). The *lis pendens* lists the mortgage at issue in this case as the mortgage to be foreclosed and lists the second mortgage under the title "[o]ther parties of interest." It appears that intervenor relied solely on the Cook County recorder of deeds' website instead of actually reviewing the *lis pendens* itself. Counsel for intervenor admitted as much at oral argument before the circuit court, stating "had my clients actually, I guess, downloaded the document and looked at the *lis pendens*, yes, they would have actual notice at that time. But I believe we had previously submitted affidavits attesting to the fact that that didn't occur here."[7] We will not vacate the confirmation of a judicial sale at the insistence of an interested party whose complained-of error was the result of its own negligence. *Blancett v. Taylor*, 6 Ill. 2d 434, 438 (1955) ("courts will not refuse to confirm a judicial sale at the instance of an interested party, where the matter complained of is the result of his own conduct or negligence"). Therefore, intervenor has also failed to show that the *lis pendens* filed in this matter was sufficient grounds to vacate the confirmation of sale.

¶ 41    Overall, intervenor failed to carry its burden of proving that sufficient grounds existed to vacate the confirmation of sale in this case. *Sewickley, LLC*, 2012 IL App (1st) 112977, ¶ 35. Specifically, intervenor failed to show that "justice was otherwise not done" in the judicial sale in accordance with section 15-1508(b)(iv) of the Foreclosure Law. 735 ILCS 5/15-1508(b)(iv) (West 2010). Accordingly, we hold that the circuit court did not abuse its discretion in denying intervenor's motion to vacate the confirmation of the sale.

---

[7]The record is devoid of any such affidavits.

¶ 42                               CONCLUSION

¶ 43        The judgment of the circuit court is affirmed.

¶ 44        Affirmed.